S. Bayard *against* Malcolm and Malcolm.

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

THIS was an action on the case, in the nature of a writ of *deceit*, and was tried at the *New-York* sittings, on the 31st *December*, 1805, before Mr. Justice *Livingston*, when a verdict was found for the plaintiff. At the last term a motion in arrest of judgment was argued, and also a motion for a new trial or nonsuit. * As the court decided, that the judgment must be arrested, it is unnecessary to take notice of the facts in the case, or the arguments of the counsel on the second motion. The declaration contained three counts. The first was as follows.—
" Whereas, the said *R. M.* and *S. B. M.* on the 13th *Feb-*
" *ruary*, 1802, at, &c. did make a certain assignment in
" writing, concerning three-fourth parts of a certain news-
" paper, purporting, among other things, that the said
" *R. M.* and *S. B. M.* proprietors and publishers of a cer-
" tain undivided three-fourth parts of a certain newspaper
" called the *Daily Advertiser*, published in the city of
" *New-York*, in consideration of 11,205 dollars, &c. bar-
" gained, sold, &c. to the plaintiff, all their right, &c. in
" and to the said newspaper, &c. together with the printing
" presses, &c. And whereas, also, before the making the
" said assignment, to wit, on the, &c. at, &c. a *conversa-*
" *tion* was held between the said *S. Bayard*, and the said
" *R. M.* and *S. B. M.* touching the purchase and sale of
" the said three-fourth parts of, &c. and the price to be paid
" therefor, and touching the number of the subscribers for
" the said newspaper, &c. and who were severally to pay for
" the same at the rate of eight dollars per annum. &c. and
" touching the amount of monies received, yearly, from
" persons to whom the said newspapers were delivered,
" and for having advertisements printed or published in
" the said newspaper, and touching the expenses yearly
" in and about printing, &c. and touching the profits ac-
" cruing yearly to the proprietors or publishers of the said

In action for a *deceit* in the sale of a *newspaper establishment*, it was held, that the declaration must expressly allege that the defendant made the affirmation, *falsely, fraudulently, or knowingly* ; or it will be bad, and the defect of these words, will not be supplied by the concluding part of the count, *and so by reason of the said affirmation, the plaintiff was falsely and fraudulently deceived, &c.* The want of such allegation of *fraud* or a *scienter* is not helped by a verdict.

* *Ante p.* 310.

" newspaper, &c. and touching an assignment to the pur-
" port, &c. to be made by the said *R. M.* and *S. B. M.* to
" the said *S. Bayard*, if he and they should finally agree,
" &c. And the said *R. M.* and *S. B. M.* did, then and
" there, thereupon *affirm* to the said *S. Bayard*, that the
" number of subscribers to the said newspaper did then
" exceed 900, and that such profits did then exceed the
" rate of $3,000, by the year. And the said *S. Bayard*,
" *giving faith to such affirmation*, it was finally agreed by
" and between them, &c.(stating the purchase by the plain-
" tiff and price as expressed in the written assignment, and
" that the consideration money was paid, &c.) *Whereas*
" the number of subscribers, &c. at the time of the said
" affirmation, &c. was less than 900, that is to say, they
" did not exceed 600 : and there were not then any profits
" accruing to the said proprietors of the said newspaper, &c.
" And so the said *S. Bayard* says, that he, by reason of the
" said affirmation of the said, &c. *was falsely and fraudu-*
" *lently deceived*," & c. The *second* count was the same
as the first, except stating the *affirmation*, &c. to be made
by *S. B. Malcolm* alone. The *third* count stated the writ-
ten assignment and previous *conversation*, and that " the
" said *R. M.* and *S. B. M.* did, then, and there thereupon
" *affirm* to the said *S. Bayard*, that they did not know the
" number of subscribers, &c. nor the amount of the money
" received yearly, &c. nor the yearly expenses, &c. but
" that a certain *C. Snowden* and a certain *W. P. Miller*,
" then and there, servants and agents of the said *R. M.*
" and *S. B. M.* employed by them in and about the print-
" ing, publishing and vending the said newspaper, &c.
" well knew the number of subscribers and money re-
" ceived, &c. profits, &c. and did then and there refer the
" said *S. Bayard* to the said *Snowden* and *Miller* touch-
" ing the number of subscribers, &c. That, afterwards,
" and before finally agreeing to the said purchase, &c. a
" conversation was had between the said *S. Bayard* and
" the said *Snowden* and *Miller*, severally, touching, &c.

Bayard
v.
Malcolm &
Malcolm.

" and that on such conversation and inquiry, the said
" Snowden and Miller did respectively affirm to the said
" S. Bayard, that the number of subscribers, &c. did ex-
" ceed 900, and that the profits did exceed 3000 dollars,
" &c. And the said S. Bayard, giving full faith and credit
" to the said affirmations and representations, did make
" the purchase, &c. Whereas the number of subscribers,
" then, were less, &c. nor were there any profits, &c.
" And so the said S. Bayard, by reason, &c. was falsely
" and fraudulently deceived, &c. Wherefore he is made
" worse and hath damage to $20,000," &c. The defend-
ants pleaded not guilty.

The reasons assigned in arrest of judgment were ; 1. That
though the plaintiff in his declaration averred that the af-
firmations stated were false, he no where says that the de-
fendants made such affirmations fraudulently. 2. That the
plaintiff neither says, that the affirmations were fraudulently
made, nor that the party or parties making the affirmations
knew, at the time, that they were false. 3. That in the
first count the affirmations are stated to be made by both of
the defendants, and in the second, by one of them only,
without averring that he acted with the authority or privity,
of the other ; and the jury have found an entire verdict on
all the counts.

Hoffman for the defendants. The declaration must be
either on a warranty, or fraud in the sale. That it is not
on a warranty is evident from the declaration itself, and
from the precedents and authorities on this subject.* If
the declaration be in assumpsit, you may use words equiva-
lent to a warranty, but if it be on the warranty, then the
words warrantizando vendidit, must be used. In Seix-
as v. Wood, † though the affirmation was in writing, it
was held to be no warranty. Again, the contract is alleged
to have been sealed and delivered ; but the bill of sale con-
tains no warranty. If the plaintiff intend to recover on
the ground of fraud, he may proceed on matters dehors the
instrument ; but if he mean to rely on the warranty, he
must confine himself to the written contract‡ It will be

* 2 Ld. Raym.
1118. Lysney v.
Selby.

† 2 Caines, 48.

‡ See Ante, p.
414. Mumford
v. McPherson.

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

‡ 1 Ld. *Raym.*
593. *Medina* v.
*Stoughton.. Ante*
p. 274. *Defreeze*
v. *Trumper.*
§ 2 *Saund.* 180,
181.
¶ See 2 *Caines,*
53. *Douglas,*
20. *Buller's N.
P.* 30.
* See 1 *Saunders,* 228. c.
*note,* and the
authorities
there cited.
† 4 *Term Rep.*
472.

‡ 1 *Term,* 145.

§ *Cowper,* 826.
*Avery* v. *Hoole.*
1 *Term,* 141.

found, that in all the cases where an affirmation has been held to amount to a warranty, it has been as to the *title* of the vendor only, and not as to the *quality,* &c. of the thing sold.† Again, there is no *scienter* averred. It is essential to this action, that either the *scienter* of the party should be alleged, or that he *fraudulently affirmed.*§ Any legal conclusion or inference does not help the want of a substantial averment of a matter of fact.¶ The defect in this declaration is not cured by the verdict. Wherever the party states a defective title, or omits to state any title, or cause of action, a verdict will not cure the defect, either by common law or the statute of *jeofails.** *Buller,* J. in the case of *Bishop* v. *Hayward,*† says, if the title be defective on the face of it, the judgment cannot be sustained; and by way of illustration, as to what defects are cured by verdict, he puts the case of a feofment pleaded without livery; where the livery is implied as making part of the feofment. And again in *Spiers* v. *Parker,*‡ he says, nothing is to be presumed after verdict, but what is expressly stated in the declaration, or is necessarily implied from the facts which are stated; and he adds that he does not know of a decision against this rule, except a *dictum* of Lord *Hardwicke.* A verdict may cure ambiguity; but it will not supply, or cure the want of matter which is the *gist* of the action.§ Further, the second count is on the affirmation of one of the defendants alone; and the verdict is general. Fraud is not to be presumed, and one joint owner or partner is not answerable for the fraud of the other.

*Benson* and *T. A. Emmett* for the plaintiff. This is, in truth, an action for a *deceit,* and all the cases cited about warranty, are inapplicable. Though it be necessary to allege fraud and falsehood in the defendants, yet it is sufficient, if that be done substantially, and by words tantamount. The words "that by reason of the said *affirmation* he was "falsely and fraudulently deceived," amount to the same, as saying he falsely and fraudulently affirmed. In an action for driving an unruly horse, there was no *scienter,* nor any *negligence* alleged, but only that the defendant imprudently

and incautiously, and without due regard to its being an improper place, drove the horses there ; yet the plaintiff had judgment.* In this view, the declaration would be good on a general demurrer. It is true, that where the breach assigned is a *general conclusion* from all the preceding matter, it cannot be applied to help the defects of the antecedent part: As where it is said *by reason of the premises* &c. But here the breach is not expressed in this general manner, but so as to have a special application to the very words in the former part, which prevents all ambiguity or uncertainty. It is well settled that an action will lie on a false affirmation. If a vendor will make an affirmation to which the vendee gives credit, and is of such a nature, that the vendor must have known whether it was true or false, and there be no *laches* on the part of the vendee, the law will imply the *scienter.*† But if this declaration would not have been good on a general demurrer, it is helped by the verdict. The authority of Justice *Buller*, in *Spiers* v. *Parker*, is deserving of great respect, but the opinion there laid down seems broad enough to support the doctrine contended for by the plaintiff ; for the fraud is necessarily implied from the words of the declaration. The more general and correct rule is the one laid down by Serjeant *Williams*, in a note in *Saunders* :‡ " Where there is any defect, imperfection or omission in any pleading, whether in substance or " form, which would have been a fatal objection upon demurrer, yet if the issue joined be such, as necessarily required on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed, that either the judge would direct the jury to give, or the jury would have given the verdict ; such defect, imperfection, or omission is cured by the verdict, by the common law." In *Hitchen* v. *Stevens*, § the rule was laid down by all the court, that where any thing is omitted in a declaration, though it be matter of *substance*, if it be such as without proving it at the trial the plaintiff could not have had a verdict, such omission shall not arrest the judgment. *Buller* observes, that there is no decision

ALBANY, August, 1806.

Bayard v. Malcolm & Malcolm.

* *Michael* v. *Alestree.* 2 *Levinz*, 172.

† *Styles*, 300. 1 *Keble*, 510. 1 *Siderfin*, 146. 2 *Lord Raym.* 1118. 3 *Term*, 51. 1 *Lord Raym.* 593. *Yelreston*, 20. *Robinson's Entries*, 33. *Hearme's Pleader*, 102.

‡ 1 *Saunders*, 228. *(a)*

§ 2 *Shower*, 234. (245.) 5 *Comyns, Dig. Tit. Pleader*, (*C.* 87.) *Cro. Car.* 497.

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

* 3 Salk, 12.

† 3 Modern,
261. S. P. 1 Vi-
ner, 562. pl. 18.
Warner v. Tal-
lard. Roll. Ab.
91. Thos.
Raym. 487. Ld.
Raym. 392. 1
Bos. & Puller,
329. Cowper,
826. 1 Salk.
211.

‡ T. B. Hen.
6th. 9. 53.
Rolles Ab. 91.
Book of Assize,
42. pl. 8. Cro.
James, 196.

against the rule he laid down, but a *dictum*, of Lord *Hard-wicke*; yet if the report of that case is read, it will be found to be the opinion of the whole court, and not a mere *dictum*. The only case that militates against the rule laid down in *Shower*, and *Comyns*, is that of *Buxentine* v. *Sharp*.* If the rule given by *Buller*, be the true one, nothing can be presumed after verdict. The most that can be said is, that if there be no facts, or combination of facts, in the declaration, to support a fact not averred, then the fact cannot be presumed; but if there be such a combination of facts, from which such fact not averred can be presumed, it shall be presumed. The words used in the declaration are such as to afford a *necessary* inference of fraud, and therefore the want of a direct averment is cured after verdict. The case of *Cross* v. *Garnet*,† is an authority to this point. There, on a declaration for *deceit* in the sale of oxen, after verdict for the plaintiff, there was a motion in arrest of judgment, because there was no *scienter* nor *warranty* alleged, nor that the defendant sold them *fradulently and deceitfully*, yet the court held, that though these exceptions would have been good on *demurrer*, yet after verdict it was well enough, and the plaintiff had judgment.

As to the objection that there is no averment that *R. M.* authorised *S. B. M.* to make the declaration, it may be said that the defendants were not joint owners of a chattel, for the right of printing and publishing a gazette is not a chattel.— They were mere partners in that undertaking. The declaration contains facts which afford the necessary inference that they were partners, and, after verdict, it will be intended that evidence was given to the jury of such authority from *R. M.* ‡ Indeed, the one is to be considered as the agent or servant of the other in this transaction, and by executing the bill of sale, and receiving his share of the purchase money, a strong presumption is afforded that *R. M.* knew and approved of the representations of *S. B. M.*

*Harison*, in reply. It is true, as has been observed by Lord *Mansfield*, that pleadings are to be tried according to the rules of sound logic: and it is not difficult to prove that

this declaration is deficient in that logical precision and certainty required in good pleading. The true distinction between actions on a warranty, and those for a fraud or deceit, is well laid down in *Williamson* v. *Allison*, and *Springwell* v. *Allen*.‡ If the party proceed on the warranty, fraud or deceit need not be alleged ; and that the latter are to be found in some old precedents, in actions on warranty, is to be imputed to the extreme caution of the pleaders, which has thus given rise to all the apparent confusion on the subject, in relation to tort and contract. But the addition of *fraudulently and deceitfully*, &c. in those cases was unnecessary, and is to be rejected as surplusage. Those words are used in the general conclusion of all declarations on contract or assumpsit, but are not meant as an allegation of fraud, nor do they make it an action for fraud. The present action is not on the contract of warranty, but, is truly and substantially, an action for fraud, *quasi ex delicto*. The opinion delivered by Mr. Justice *Buller*, in *Paisley* v. *Freeman*,§ `if attentively examined, will be sufficient to do away the distinction attempted to be set up, about the party's being in possession or not.

If it be intended to rely on an affirmation as a *warranty*, it must be either stated, as a warranty, *warrantizando vendidit*, or by way of *assumpsit*, which is the modern way of laying the warranty. But it would be too lax in practice to permit declarations to be so framed, that they might assume the shape of an action on the *contract* or for a *tort*, as best suited the views of the plaintiff. In the case cited from *Robinson's* Entries, the declaration is laid in *assumpsit* to try the question of warranty. That the present could not have been intended as an action for a warranty, is evident from there having been a written contract sealed and delivered, in which all previous warranties are to be considered as merged. It is, in truth, as one of the counsel for the plaintiff has said, an action for a *deceit*. *Fraud*, or a *scienter*, is the *gist* of such actions.* Now the *gist* of every action must be laid with clearness and *certainty* in the declaration. It is an established maxim in pleading that the basis of the action must be presented precisely and clearly to the court by pleading,

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

‡ 2 *East*, 448.

§ 3 *Term*, 36.

* *Springwell* v *Allen, Alleyn*, 91. more fully in a note, 2 *East*, 448.

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

† 2 *East*, 446.

§ Ld. *Raym.*
1118. 3 *Term*,
56. See also
*Buller, N. P.*
30. 3 *Mod.* 261.
*Carthew*, 90. 1
*Shower*, 68.

\* 1 *Saunders,*
228. note.

† *Douglas*, 680.

and to the jury by evidence. Though the plaintiff is not obliged to use the word *scienter*, or knowingly, yet he must state what is clearly equivalent. Thus much at least, is required by every authority that can be found deserving of any consideration. The essential allegation, or *gist* of the action, should be stated in the first part, or body of the declaration, and cannot be made out by inference, or by the application of the general conclusion. A *scienter*, or *maliciously*, or *fraudulently* affirming, is sufficient to express the *gist* of the action. Here a simple affirmation is first stated, and, afterwards, a conclusion that the plaintiff was thereby *fraudulently deceived.* A false affirmation may be made, without any *scienter* or *fraud*, and so afford no ground of action. As the plaintiff does not aver that the affirmation was made *false et deceptive*, falsehood or deception cannot be inferred so as to support the action.† It is agreed on the other side, that this cannot be helped by a general conclusion going to the whole premises ; and an attempt has been made to discriminate the concluding words of the count, from the general conclusion. A conclusion to a part, has the same effect as a conclusion to the whole. In the case from *Saunders*, the conclusion was like the present, *and so*, &c. which was held to be a nullity, if the premises did not warrant the conclusion. In *Lynsey* v. *Selby,*§ and in *Paisley* v. *Freeman,*§ and other cases, the allegation was, that the defendant *falsely* and *fraudulently* affirmed, &c. The plaintiff is bound to prove only the premises, and not the conclusion of his declaration. Then, as to the other point, where the *defect* in the declaration goes to the *gist* of the action, it is not cured by the verdict.\* On the broad principles contended for, on the part of the plaintiff, there is no defect in a declaration which cannot be cured by a verdict. In the case of *Rushton* v. *Aspinal*,† the same argument was urged as in the present case, but it was overruled by the court. It is very probable, that if all the decisions are searched, as far back as the *year books*, some may be found that may be in favour of the plaintiff; but it is the business of the court to apply the touchstone of legal discrimi-

nation to these cases, otherwise, the law will be only a rude chaos of discordant opinions. If the principles of sound logic be the basis of the science of pleading; if the apparent discrepancy of opinion among various judges, is to be tried by legal discrimination, it will be found, 1. That this declaration, if intended to be on a warranty, is bad, as there was a writing sealed and delivered between the parties. 2. If it be an action for a *deceit*, then *fraud* or a *scienter* should have been directly and clearly alleged. 3. A general conclusion will not help the want of averment in the body of the declaration. 4. That it would have been bad on a general demurrer, and the defect being *essential*, and of substance, cannot be cured by a verdict.

THOMPSON, J. The question presented to the court, is touching the sufficiency of this declaration after verdict. It must be considered as a declaration founded upon a warranty, or upon a fraud or deceit in the sale of the establishment, in neither of which points of view, can it, I think, be supported. Without entering into an inquiry, whether a mere affirmation is to be considered as a warranty, there is a fatal objection to the declaration, if considered as one founded on the contract. It states the sale and transfer to have been made in writing, under the hands and seals of the defendants. All previous representations must be considered as conversations leading to a contract to be consummated, by the bill of sale, and as coming within the rule adopted by the court in the case of *Vandervoort* v. *Col. In. Company*, (2 *Caines*, 161.) and in the case of *Mumford* v. *McPherson*, decided in this term. *That when an agreement is reduced to writing all previous treaties are resolved into that.* Whatever remedy, therefore, the defendants may have on the contract, must be on the bill of sale. If this declaration is to be supported at all, it must be as one founded on a fraud in the sale of the establishment. Here, also, are insuperable objections. The sale is not alleged to have been made fraudulently, nor that that the defendants knew their affirmations were false. The declaration, regularly, ought to proceed to charge, that

the defendants knew of the matter by which they deceived, and that they did it falsely and fraudulently. An allegation of a *scienter* might, after verdict, supply the omission of falsely and fraudulently, or falsely and fraudulently import that they knew it; (3 *Mod.* 261. *note*) but one or the other is indispensable. Where there is no warranty, the *scienter* or fraud is the *gist* of the action. This principle has been frequently decided by the courts in *England*, and recognized by this court. ( 1 *Ld. Ray.* 595. 2 *Ld. Raym.* 1118. *Doug.* 20. 3 *Term*, 56. 62. 2. *East*, 322, 448. 2 *Caines* 48.) The conclusion of each count, that by reason of the said affirmations, the plaintiff was falsely and fraudulently deceived, is not sufficient. It is no more than the common conclusion of a declaration. The fraud is a substantive allegation, and must be laid in that part of the declaration which sets out the plaintiff's cause of action, otherwise, he is not bound to prove it upon the trial. Where the action is founded on the contract of sale, the declaration usually concludes, that the defendant falsely and fraudulently deceived the plaintiff, &c. yet this is not necessary to be proved, not being of the essence of the declaration. (2 *East*, 448.)

The only remaining question is, whether the defects or omissions are cured by the verdict? I think they are not. A verdict will not amend the matter when, the *gist* of the action is not laid in the declaration. (*Cowp.* 826.) Lord *Mansfield* says, the rule is, that where the plaintiff has stated his title, or ground of action defectively or inaccurately, a verdict will cure it, because to entitle him to recover, all *circumstances* necessary in form or substance to complete the title so imperfectly stated, must be proved at the trial, and it is fair to presume after verdict, that they were proved. But where the plaintiff totally omits to state his title or cause of action, it need not be proved at the trial, and therefore there is no room for such presumption. (*Doug.* 683.) To apply this rule to the present case; what is the cause of action here? it is a *fraudulent* sale of the

newspaper establishment; but no such fraud is alleged in the declaration; it cannot therefore be presumed to have been proved. Under this declaration, all that the plaintiff would be required to prove would be, that the defendant affirmed that the number of subscribers to the paper exceeded nine hundred, and that the annual profits of the establishment exceeded $3000, and that these affirmations were untrue. But the e facts would not have created a good cause of action, according to the decisions of the cases already cited, unless these affirmations were made fraudulently, or known by the defendants to be false. Thus in the case of *Buxentine* v. *Sharp*, *(3 Salk.* 12.*)* the declaration against the defendant was for keeping a vicious bull, but it stated no *scienter*. This was held bad after verdict, for the action lies not, unless the owner knows of this quality, and it could not be intended that it was proved at the trial, for the plaintiff need not prove more than is laid in his declaration. *(*1 *Term Rep.* 145. 3 *Mod.* 261. *note.)* The result of my opinion, therefore, is, that the defects in the declaration are not cured by the verdict, and that the judgment must be arrested.

SPENC R, J. and TOMPKINS, J. concurred.

LIVINGSTON, J. I cannot concur in this opinion. The objection to the first count, which applies also to the other two, is the want of an averment, that the affirmations, which induced the purchase, were *fraudulent*. The plaintiff insists that each count contains a perfect cause of action, set forth with sufficient certainty, without any defect in form or substance; and that if it be otherwise, yet even an omission in substance is cured by verdict at common law, if the issue necessarily required proof of the matter imperfectly stated, or altogether omitted, and without which a judge could not direct, nor a jury consent to find, for the plaintiff.* 

*2 *Saunders*, 228. *in the notes.*

There is some difficulty in accurately defining what faults are cured by a verdict. To this point, there is much learning and a great variety of cases, not always intelligible, nor free from contradictions. There is no risk, however, in saying, that where it may with certainty be collected from the man-

ner in which the action is laid, that the whole merits must have been tried, courts will not readily listen to reasons in arrest of judgment. After a full and fair discussion, it is so hard and unjust to put a party to further litigation, for an error in pleading, that every struggle should be made to uphold a declaration, not radically bad, or if from the whole of it, a good can be extracted; though not very formally set forth, nor in the way generally, or most usually, pursued.

Whether this declaration stand in need of the indulgence which these remarks would seem to bespeak, I will not say, but after a very careful inspection, it does not present to me any of those glaring defects which can alone justify the extraordinary interposition that is expected from us. The omission to allege a *scienter* in the defendants and their agents, is the ground of objection we are now examining. Without *fraud* or *deceit* this action cannot be maintained; and to render a party guilty of either, there must be not only a *false* affirmation, but it must be made with *knowledge* of its being false. Hence it follows, generally at least, that a declaration, to be perfect, must charge a defendant with *knowingly* having recourse to *a falsehood* to promote a bargain. How far this averment can be essential, when, as in the case before us, a misrepresentation is alleged to have proceeded from the vendor himself in relation to the profits of an establishment of which, for aught disclosed by the record, he may have been in possession for many years, is a point well deserving consideration. It is next to impossible for the owner of any such establishment to be ignorant whether it be lucrative, or otherwise; he cannot, therefore, without design, make any considerable mistake about it. But without determining on the fitness of a declaration, in a case like the present, if this averment had been wholly omitted, it is without pretence that its existence is denied here. Each count, after denying the truth of the affirmations, contains this averment—" And *so* the plaintiff saith, that he by rea-" son of the said affirmations, was *falsely and fraudulently* " deceived." At the end of the last count follows the com-

mon conclusion, " that the plaintiff is *therefore* made worse and hath damage," &c.

From this statement, may it not be asked, where is the omission of which so much complaint is heard? Is not an allegation of a party's being *falsely and fraudulently* deceived, by the representation of another, essentially the same as saying that he had been thus deceived *by* the person making the false assertion, or in other words, that the same was known to him not to be true? This knowledge, then, is as necessarily imputed to the defendants by this kind of averment, as by any other, because, without it, though the plaintiff might be deceived, he could not be so *fraudulently*, which would be true only in case the defendants told *a wilful falsehood*. No other meaning can be affixed to these terms, for such an averment necessarily charges the defendant with *knowledge* of the *falsity* of what he has said, without which there could have been no *fraudulent* deception. This averment, at any rate, necessarily, and unavoidably put in issue the *scienter*, and rendered it incumbent on the plaintiff to prove it. If it were material to show that he was *fraudulently* deceived, (and he has rendered it material by his averment,) and that could only be made out by proving that the defendants, or their agents, *knew* they were imposing on him, it follows, reasoning from the record itself, that such proof, was not only necessary, but must have been made.

It was said, on the argument, that this averment was only stated as a deduction from premises, which being wholly silent as to the fraud, did not justify the inference, and which, notwithstanding the situation of the parties, might be erroneous. If this were so, it belongs to the jury, and not to us, to pronounce on its correctness. To me, however, this conclusion, if it be regarded only in that light, is not only natural, but such as must, almost universally, follow from the same premises. It is immaterial, however, whether what was disclosed in the preceding part of the declaration, warranted the averment. The plaintiff had a right to make it, and whether the basis on which it was placed, would

support it, was a matter to be settled by a jury. He might have made it on mere suspicion, without assigning any reason, but when he gives one, which we are now to presume a jury have thought sufficient, we ought to be satisfied. If this declaration be not in strict conformity with precedents, yet if every material allegation may be collected from the whole of it taken together, more, after verdict, should not be required.

By some of the counsel this averment was considered as only the common conclusion of every declaration of this kind, and, therefore, as not forming a substantial, or component part of it. This is not the case, though even then it would be sufficient, if it put the *scienter* in issue. It is a distinct allegation, separate from, and unconnected with, the general conclusion, which is found only at the termination of the last count. Its introduction by the monosyllable *so*, which was much insisted on as evidence of its being the result of the plaintiff's own reasoning on the matters before alleged, can do no harm, provided it be sufficiently explicit and intelligible to bring into discussion the fraud or deceit, which is the *gist* of the action. The rules of pleading have not appropriated any particular part of a declaration for the insertion of this averment. So that, if it be found somewhere, it is enough.

Upon the whole, every count is so framed as necessarily to put in issue the *scienter* of the defendants or their agents ; and that by averments, too apt and significant to be misunderstood. This case, then, does not merely fall within that class of cases, in which a court will presume that certain facts not only imperfectly stated, but altogether omitted, yet necessary to be proved, have actually been made out at the trial, which would be conclusive here, but presents the much stronger case of an issue on the *very fact* which it is pretended has been overlooked by counsel, and on the supposed omission of which the whole argument has turned.

Another reason assigned for arresting judgment is, that in one count the affirmation is stated as proceeding from one of the defendants *solely*, without alleging any authority for that purpose, from the other.

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

That the joint owners of any property, who are equally interested in and benefited by its sale, should answer civilly for each other's misrepresentations, and refund what has been thus acquired, is too reasonable to require that we should take up any time in examining this objection to the declaration.

There is also a motion for a nonsuit, or new trial. On this case, it is unnecessary to decide on the points ruled at the trial of the cause; because, if the judge were wrong in refusing a nonsuit, yet as the plaintiff, if he thought his testimony defective, might, and actually did examine other witnesses, notwithstanding the opinion in his favour, it is impossible, without a knowledge of this evidence, which it has been thought proper to keep back, to say, that a nonsuit, if we have power to grant it, without an agreement of parties, or another trial, would be proper. This further testimony might support the verdict, though a nonsuit, in the first instance, might have been right. If the defendants have made a case so imperfectly that we cannot give judgment in their favour upon it, the other party was not bound to amend it, nor is it for us to say that the testimony, which is withheld, was immaterial. The plaintiff, in my opinion, must have judgment on the postea.

KENT, Ch. J. I concur in the opinion, that the judgment must be arrested. The action is not founded upon a warranty or breach of contract. There is no warranty alleged in the declaration, either in the ancient form of *warrantizando vendidit*, or in the modern manner of declaring in *assumpsit*. Nor could any *parol* warranty have been shown, if the suit had been brought upon one, for the contract being reduced to writing, excluded all anterior verbal negotiations and promises, as being resolved into the writing, which is the consummation, and only evidence of the agreement of the parties.

We must therefore consider the declaration as grounded entirely upon deceit or fraud in the sale, and it must be tested by the rules which apply to, and govern that species of action. As fraud is the *gist* of the action, it must be

* 2 *Cro.* 630.
*Doug.* 20. 2
*East,* 451,2.

† 5 *Viner,* 517.
*pl.* 26. 2 *Caines,*
161.

a substantive allegation. The declaration must state that the defendants deceitfully, or fraudulently, or knowingly, made the false affirmation. The averment merely of an affirmation which was not true, is not sufficient. The defendants must be charged expressly with the fraud because it is the fraud only which makes them responsible. The case of *Harvey* v. *Young*, *(Yelv.* 21.) is very analogous to the one before us. The defendant was charged with having affirmed, in a discourse with the plaintiff, that a certain term for years was worth £150 ; upon which the plaintiff purchased it for that sum, and it turned out not to be worth £100, upon which the plaintiff sued the vendor, in an action on the case for the deceit, and alleged that he gave faith to the assertion, and made the purchase, and that the bargain turned out in *fraud and deceit of him.* After verdict, the defendant moved in arrest of judgment, because the matter precedent did not prove any fraud, for it was but the defendant's bare assertion. The event of the motion is not stated in *Yelverton*, but from the notice taken of the case in i *Lev.* 102. 1 *Sid.* 146. and in 1 *Viner*, 563. *pl.* 19. *note*, it is evident that the motion is considered as having been granted. The case of *Chandelor* v. *Lopus*, *(Cro. J.* .) is also to this effect. There is some little variation in the books in respect to this case, but they all seem to concur in considering it as having established this position, that in an action for selling a precious stone, as a bezoar-stone, when it was not such a stone, the declaration must state either that the defendant warranted it to be a bezoar-stone, or that he knew it was not, and that stating simply that the defendant affirmed it to be a bezoar-stone is not sufficient. *(Cro. J.* 469. *The marginal note to Dyer*, 75. *a.* 2 *Rob. Rep.* 5.) The case of *Ekins* v. *Tresham*, (1 *Lev.* 102. 1 *Sid.* 146. 1 *Keb.* 510. 518. 522. *S. C.)* goes in confirmation of the same doctrine. It was an action on the case in the nature of deceit, for that the defendant, in a discourse between him and the plaintiff, falsely and fraudulently affirmed the rent of a house to be worth £42 a

ALBANY,
August, 1806.

Bayard
v.
Malcolm &
Malcolm.

year, and that the plaintiff giving faith thereto, purchased, while in fact the rent was but £32 a year. After verdict the defendant moved in arrest of judgment, and that motion was denied, on the ground which *Twisden* took, that *fraudulenter* was, at least after verdict, equivalent with *sciens*, and *Jones* said, " the *fraudulenter intendens* to deceive the plaintiff was insignificant, but it was further *fraudulenter asseruit.*" It would be easy to multiply authorities to the same point, as the doctrine which these cases establish is supported by the whole current of precedents and decisions. *(Cro. J.* 196. 3 *Lord Raym.* 31. *Buller's N. P.* 30. *Dougl.* 20. 2 *East,* 446. 448. *note,* and 450. *note. Plac. Gen.* 18. *Clifton's Ent.* 935, 936, 7, 8. *Brownlow,* 80.) I have not been able to meet with a case or precedent in an action for deceit, where the affirmation of the defendant is not directly or expressly charged to have been made fraudulently or *scienter.* There are cases, indeed, in which the plaintiff goes upon the implied warranty of ownership upon the sale of a chattel, when the fraud need not be alleged, but all these cases of implied warranty are those in which the *title* of the vendor proved defective according to the distinction stated in the case of *Defreeze* v. *Trumper,** and in these cases the simple affirmation of the defendant is sufficient, as was observed by the court, in *Medina* v. *Stoughton,†* and again in *Crosse* v. *Gardner;‡* yet even in these actions for failure of title and brought upon the implied warranty, the pleader has sometimes added the allegation of fraud or deceit, as was done in the case last cited, by the words *falsò et malitiose affirmabat ;* and by thus confounding the action on the implied warranty with the action for the deceit, some confusion has been introduced into the precedents on this subject. *(Stiles* 310. *Book of Assises* 42. *plf.* 8. *Clift.* 933.)

I conclude, from this review of the cases, that the rule of pleading is clearly and firmly established, that where the *gravamen* is laid upon the deceit, that deceit must be expressly averred, and that there is no such averment in the present case. The declaration states a *colloquium,* and

* *Ante,* 274.

† 1 *Ld. Raym.* 593.

‡ *Carthew,* 90.

that the defendants did affirm, and that the plaintiff gave faith to the affirmation, and made the contract ; and then follows the averment that the facts were not true, as they had been affirmed, and that the plaintiff, by reason thereof, had been falsely and fraudulently deceived. The fraudulent deception is laid merely as inference from the affirmation. It forms no part of the premises. It was not requisite to have been proved upon the trial, and according to the observation in one of the cases already cited, it was insignificant matter, and cannot, therefore, supply the want of a charge that the defendant *fraudulenter*, or *deceptive*, or *scienter*, affirmed. The only remaining question, then, as it appears to me, is whether this defect in the declaration be cured by verdict, and here the general rule is, that a verdict will not cure matter which forms the substance of the action. It will aid a title defectively set out, but not a total defect of title. This is an elementary rule, and acknowledged throughout the books. *(2 Salk.* 662. *Cowp.* 826. *Dougl.* 683. 1 *Term* 145. 4 *Term* 472.*)* Serjeant Williams *(3 Saund.* 228. *n. c.)* has industriously collected and arranged the cases on this subject and he draws this general conclusion, that " if the plaintiff states " a defective title, or totally omits to state any title, or " cause of action, a verdict will not cure the defect, for the " plaintiff need not prove more than what is expressly sta-" ted in the declaration, or is necessarily implied from the " facts which are stated." In the present case, the fraud was not a necessary inference from the premises. The affirmation may have been untrue, and yet innocently made. The *scienter* was not requisite to have been proved upon the trial, because not charged, and, therefore, we are not to presume it to have been proved. This presumption is only extended to matter which must, of necessity, have been given in evidence to the jury. *(T. Raym.* 91. 487. 1 *Lord Raym.* 392. *Salk.* 211.*)* The deceit was the foundation of the action ; it ought to have been averred, and the verdict will not cure the omission of it. This was so ruled in

*Buxentine* v. *Sharp;* *(2 Salk.* 662.*)* and is agreeable to the opinion of Lord *Mansfield,* in *Rushton* v. *Aspinall.* *(Doug.* 683.*)* To dispense with the rule, would be a dangerous relaxation, and might lead to the loss of certainty and precision in pleading. General rules will sometimes appear harsh and rigorous, in their application to particular cases; but I entertain a decided opinion, that the established principles of pleading, which compose what is called its science, are rational, concise, luminous, and admirably adapted to the investigation of truth, and ought, consequently, to be very cautiously touched by the hand of innovation.

Judgment arrested.