Putnam, J.,
delivered the opinion of the Court.
If the contract which the plaintiff proposes to prove is altogether independent and collateral to the lease which the parties have made and sealed, the testimony ought to have been received: on the other hand, if it cannot stand alone, but is to be considered as a part of the bargain which the parties reduced to writing, the nonsuit ought to stand.
It is not very easy to determine whether cases of this kind come within the rule, or the exception to the rule, as now stated. Bu* when that is ascertained, the result to be deduced is clear. In the case at bar, the plaintiff contends that the parole evidence is of an agreement not depending upon the lease. The defendant contends that the lease is the only cause and consideration upon which the alleged parole agreement can rest; and, therefore, inasmuch as it materially varies from the writing, ought not to be admitted.
In the case of Preston vs. Lerceau, 2 W. Black. 1249, it was decided that parole evidence was not admissible to prove that the tenant was to pay the ground rent to the landlord; such payment not being stipulated for in the lease. That was certainly right. The case was cited for the plaintiff, on account of the illustration of the learned judge, in giving the opinion of the court, that in respect of collateral matters it might be otherwise; as who should put the house in repair, and the like. But the illustration is not perfect; for it by no meáns follows that the repairing of the tenements leased is to be considered as collateral to the terms of the writing.
*The true rule of applying parole evidence to written [ * 574 ] contracts is, to have recourse to such testimony, where there is some ambiguity in' them, which may be explained consistently with the writing. Thus, in Mildmay’s case, 1 Co. 176, where the deed was for divers good considerations, parole evidence was held admissible to prove that the grantee paid money, or that he was of the blood of the grantor. So in Altham’s case, 8 Co. 155, where one levied a fine to his son William, and he had two sons named William, parole evidence was admitted to prove which of the two was intended. So if a fine be of the manor of S, or the manor of D, and there should be a manor of North S, and of South S, of Great Z), and of Little Z>, the ambiguity may be explained by verbal testimony, consistently with the fine.
*464 In the case of Rich vs. Jackson, 4 Bro. Ch. Ca., parole evidence was received to prove that the lessee was to pay taxes; which were not stipulated to be paid by him in the lease. And Lord Thurlow states the rule to be that “ nothing should be added to the written agreement, unless in cases where there is a clear subsequent and independent agreement varying the former; but not where it is of matter passing at the same time with the written agreement.” The case of Blairgrove vs. Blairgrove, I Washington’s Reports, 170, is of a parole agreement, subsequent to the written contract, and within the exception mentioned by Lord Thurlow.
But the agreement which the plaintiff, in the case at bar, seeks to enforce, took place prior to the lease; and, as is said by C. J. Kent, in Bayard vs. Malcolm, 1 Johns. 467, “ the contract being reduced to writing excluded all anterior verbal negotiations and promises, as being resolved into the writing, which is the consummation and the only evidence of the agreement of the parties.”
In the case before us there is no ambiguity in the writing, and no suggestion of fraud. It seems to us that we might as well permit the tenant to prove that the [ * 575 ] * landlord was to build another stable, or make any other additions to the demised premises, as to permit this supposed personal agreement to be enforced. If we should come to that result, it would seem to be but a fair and an equivalent counterpart to the rule to permit the landlord to prove that the tenant was to wake payments, or perform services, in addition to the stipulated rent; and thus it would happen that a written contract would afford no security or certainty. But we have seen that the tenant cannot be obliged to pay beyond the stipulations in the lease; and we are of opinion that the landlord is not bound by parole testimony to provide other or better accommodations for his tenant than are set forth in the writing.
The opinion of the Court is, that the nonsuit was properly directed.

Costs for the defendant