Green, J.
delivered the opinion of the court.
It is insisted, that the request of Lipe to levy upon the tract of land first sold was a waiver of the notice required to be given by the act of 1799, ch. 41, sec. 1. We cannot concur with the counsel for the plaintiffs in this view of the case. The important facts of which the act intended the party to be notified, were, the time and place of the sale. The knowledge on part of the defendant, of the levy as made by his request, could not in the least tend to give him information of the other facts, or amount to a waiver of the right to be notified of them. The notice not having been given, nor a waiver thereof having been made, the sale of that tract is void, and the sheriff’s deed communicated no title to Mitchell, the purchaser. Trott and M’Broom vs. Gordon and M’Gavoch, 1 Yerg. Rep. 469; Rogers vs. Jennings, 3 Yerg. 308. As to this tract, therefore, from the facts in this record, the lessors of the plaintiff are not entitled to recover.
As to the last tract that was sold, there is no evidence in the record, that the defendant Lipe was in possession thereof,at the time of the levy and sale, or at the date of the deed from Richard Mitchell to the lessors of the plaintiff; so that the questions of champerty, and notice to the tenant, do not arise. The only witness who speaks of the possession by Lipe, expressly confines himself to the tract upon which Lipe then lived, aviz: the upper one of said tracts, ” The only proof in relation to the possession of the last tract sold, is that introduced by the lessors of the plaintiff, that Beeler and Lipe were in possession when the suit was brought.
*182 But if the defendant Lipe was in possession of this tract at the timo of the sale from Richard Mitchell to the lessors of the plaintiff, still the deed would not be effected by the champerty act of 1821, ch. 66, sec. 1. Tcmake the deed void for champerty, there must have been an adverse holding by Lipe. This could not be, for his title having been transferred by the sheriff’s sale and deed, to Richard Mitchell, his possession afterwards was consistent with Mitchell’s title, under which he held as quasi tenant at will. In this character he would be deemed t.o continue the possession, until an actual disseizin or disclaimer on his part. Such is the doctrine of all the books. 1 John. C. 153; 1 John. Rep. 453; C. R. 188; 3 Mass. Rep. 128; 1 Peter’s Rep. 570; 1 Chitty’s Prac. 257. In addition to this, he offered to redeem the land, which was equivalent to an offer to purchase the title of Mitchell, and which recognized the title of Mitchell, so that he cannot now dispute it, or set up that he has held adversely to it. Tillinghast’s Adam. Ejec. 57, note 2, and authorities, Jackson ex Dem. of Viely vs. Cuerden, 2 John. Cas. 353.
The only remaining question is, whether the statement of the sheriff, in his return on the execution, is to be taken as conclusive of the fact, that at the time of the sale, the legal title to the land was not in Lipe, but in Mitchell, and that, consequently, Mitchell took nothing by the purchase deed. This opinion was given in charge, by the circuit court to the jury, and a verdict and judgment were rendered against the lessors of the plaintiff.
We feel the importance of adhering to former adjudications, and the mischiefs which result from a fluctuation of opinion upon any question; yet questions will sometimes occur, when a point may be adjudicated without the benefit of all the. authorities which could shed light upon it;, and when a re-consideration of it is highly proper. Upon the question now under consideration, we believe the former opinion is erroneous, In the case of Jackson *183 vs. Sternberg, 1 John. Cas. 185, it is decided, that the sheriff return is not essential to the title of the purchaser. Lansing, C. J., in delivering the opinion of the court observes, “But the sheriff’s return, in my opinion, was not essential to the title of the purchaser. That title was not crested by, nor dependent on the return, but was derived from the previous sale made by the sheriff, by virtue of Iiis vrit. It was sufficient for the purchaser, that the sheriff lad competent authority, and sold, and executed a deed to him.” In the case of Wheaton vs. Sexton, 4 Cond. Rep. 520; 4 Wheat. 503. Mr. Justice Johnson, in delivering the opinion of the court, observes, “On this point, ire court can only express its surprise, that any doubt could be entertained.” The purchaser depends upon the judgment, the levy, and the' deed. “All other questions are between the parties to the judgment, and the marshall, Whether the marshall sells' before or after the return, whether he makes a correct return, or any return at all, to the writ, is immaterial to the purchaser, provided the writ was duly issued and the levy made before the return.” '
Adopdng, as we do, the principles of these cases, we are of opinion, that the sheriff’s return is not necessary to a derangement of the title of the lessors of the plaintiff, and is no proof of the existence of the deed of trust therein mentioned. If the effect contended for were given to the return of the sheriff, it would enable him, months after a good title had been acquired by purchase and deed, to defeat if altogether, merely by making a false endorsement on the execution. But upon principle, the sale and the sheriff’s deed are sufficient evidence of the title; and if the-purchaser can show, that the sheriff has authority to sell, it is enough, and he need not look farther. We are of opinion, therefore, that the lessors of the plaintiff, upon H,he facts in the record, are entitled to recover the second tract of laird, and, therefore, order that the judgment be reversed, and that the cause be remanded to_ the circuit *184 court of Hawlans comity, for another trial to be had , . J therein.