The action being continued nisi, the opinion of the Court was delivered at the following March term in Suffolk, by
Sewall, J.
(after stating the substance of the judge’s report of the trial.) The decision by this Court, in a suit between these parties, brought upon one other of the notes mentioned, (2) must be considered as settling the legal construction and operation of the note, and of the guaranty of the defendant in the writing now in question. And as to the oral testimony offered in the cause, it may be observed, that in the action heretofore decided, the defendant had been permitted to prove a verbal agreement between Bennett [ * 521 ] * and Chaplin, to consider the defendant as holden for the payment, on the condition that Chaplin could not pay. And on the motion for a new trial in that cause, the admissibility of this parole evidence was thought questionable; although decision upon this point was rendered unnecessary, the plaintiff having produced evidence sufficient to charge the defendant as the surety of Chaplin, even adopting the defendant’s construction of his guaranty, by virtue of the parole agreement between Bennett and Chaplin.
We are now, however, called to decide the question whether this parole agreement is admissible to control the construction of the defendant’s written contract; for, if it is, the defendant is entitled to a new trial; and to show, if he can, the splvency of Chaplin when this action was commenced.
The parole agreement offered to be proved is the same, substantially, as that which had been proved at the trial in the former cause ; but its position, in the order of the transaction, seems in this case to be differently stated. In this case, it preceded the making of the note in question; and in the other, it took place at the delivery of *437 the notes to Bennett, the time when the contracts, in both instances, are to be considered as made with Bennett.
As now placed, this evidence may be objected to as irrelevant. In the motion, the previous agreement between Bennett and Chaplin is not stated to have been communicated to Adams, the defendant; and then it is in no sense his agreement; or, if it was communicated, there is no necessary presumption that he subscribed his guaranty with any reliance upon that stipulation, or that he did not reject it, as operating to his disadvantage. For, if a surety is to be made responsible, in a contract where the law implies no obligation of particular diligence on the part of the creditor to secure his demand against the principal debtor, a suspension of the demand upon the surety, until the entire failure and insolvency of the principal debtor, must operate injuriously upon the surety, in precluding him from every chance for an indemnity, unless this had been secured ; and then the suspension is of no importance to him.
* But, without insisting upon this objection, and con- [ * 522 J sidering Adams as effectually a party to the verbal agreement proposed to be proved, we are all of opinion that evidence of this kind is inadmissible, and incompetent to control the legal effect of a written contract.
The preference, which the law gives to written evidence, when compared with parole testimony, of parole agreements, is the unavoidable result of experience. It is impossible to expect or attain chat certainty and exactness in the one form of evidence, which is found in the other. When a contract has been stated in a writing assented to and signed by the parties concerned, and that continues in being, and under the control of the party relying upon it, evidence of the other parole agreements, to explain or vary the written contract, would be a rejection of that evidénce, which is necessarily the best.
The cases of latent ambiguity, and of peculiar usages, are not, strictly speaking, exceptions to the general rule on this subject; for, in those cases, there is in the written contract a necessary and implied reference to extraneous circumstances, which may happen to be provable only by oral testimony ; and the, written contract is not controlled, but supplied or completed, according to the manifest intent of the parties.
In the case at bar, if the motion of the defendant should prevail, a conditional and collateral contract might be substituted by a parole stipulation, for a contract in writing, which is absolute, and by which the defendant engages, as a surety for Chaplin. The construction to be given of this note, as written, has been settled, by *438 the former decision of this Court, to be the same as if the note had expressed a joint and several promise of Chaplin and the defendant. The defendant became responsible to Bennett, immediately and directly, by the legal operation of the written words which he had subscribed.
The verdict is confirmed by the opinion of the Court, and judgment is to be entered accordingly.

 Ante, vol. vi. 519