## The Trustees of the Church and Congregation in the Second Precinct in Pembroke (now Hanson) *versus* Jeremiah Stetson.

Where members of a religious society which had a ministerial fund in the hands of an incorporated board of trustees, voluntarily subscribed to increase the fund and afterwards gave their promissory notes to the trustees for the amount of their respective subscriptions, it was held that the notes were founded upon a sufficient consideration.

Parol evidence that such notes were given upon the condition, that the principal should not be called for so long as the interest continued to be punctually paid, was held to be inadmissible.

Assumpsit upon a note signed by the defendant, in which " for value received" he promised to pay the board of trustees of the fund belonging to the second precinct in Pembroke, now the congregational society in Hanson, fifty dollars on demand and on interest.  Plea, the general issue.

Upon the trial in the Court of Common Pleas, before *Williams* J., it appeared, that individuals belonging to the church and congregation in Hanson met for the purpose of raising, by voluntary subscription, a sum of money to be added to the fund already established for the support of the minister of the congregational society in that town.  (See the acts incorporating the trustees, viz. *Special St.* 1794, *c.* 29, and 1816, *c.* 93.)  It was agreed in writing by those who met, of whom the defendant was one, that they should subscribe whatever they felt themselves able to do, and in case the whole sum

Trustees
&c. in Han-
son
v.
Stetson.

subscribed should amount to a sufficient addition to the fund for the support of a minister, they were to be held, otherwise not. On this agreement the defendant subscribed fifty dollars, and the original fund with the additional sum subscribed being sufficient to support a minister, the defendant gave the note declared on.

In defence he offered to prove by parol evidence, that the note was given upon a condition that the principal should not be called for, so long as the interest should be punctually paid ; but this evidence was rejected. He always paid the interest punctually.

The note was given in evidence to the jury, with the instruction that it was founded upon a sufficient consideration ; and they returned a verdict for the plaintiffs.

The defendant filed his exceptions to the foregoing directions of the judge.

*Whitman*, in support of the exceptions, cited 1 Dane's Abr. 392, § 20, and *Barker* v. *Prentiss*, 6 Mass. R. 434, to show that the parol evidence was admissible. In regard to the want of consideration for the subscription, he relied upon *Boutell* v. *Cowdin*, 9 Mass. R. 254 ; and he said that if the subscription paper was invalid for that cause, the note was equally without consideration ; he also cited 1 Com. on Contr. 8, 10, 13, 14.

*Baylies*, contrà, cited as to the parol evidence, *Hunt* v. *Adams*, 7 Mass. R. 518, and *Stackpole* v. *Arnold*, 11 Mass. R. 27. With respect to the other point, he said the case was like that of *Fisher* v. *Ellis*, 3 Pick. 322 ; and further, that some of the subscribers had paid their notes, and that the minister had been supported out of the fund, and the parish consequently had been relieved from taxes ; so that independently of the defendant's acknowledgment in the note, a sufficient consideration was shown.

The opinion of the Court was drawn up by

PARKER C. J. The judge decided correctly in rejecting parol evidence tending to show that the promisor was not to be called upon for the principal while he should continue to pay the interest. Such evidence is in direct contra-

*Oct. 26th*

*May term
1828, at
Plymouth*

Trustees
&c. in Han-
son
v.
Stetson.

diction to the written promise. *Hunt* v. *Adams*, 7 Mass. R. 518.[1]

And as to the consideration, it is admitted by the note, and cannot be contradicted without clear evidence to the contrary. The promise was made to a body authorized by the legislature to receive it. It was to increase a fund already in existence, which was to be applied to a most valuable purpose whenever it should be adequate. The very purpose of the subscription which the defendant was instrumental in obtaining, was to put in activity the fund until then dormant. The promise was to be void unless enough were obtained The case shows that enough was obtained. It is a sufficient consideration, that others were led to subscribe by the very subscription of the defendant. And we find it a fact agreed, that in consequence of the accumulation of the fund by these means, the great purpose, viz. the settlement of a minister, has been effected.

The case of *Boutell* v. *Cowdin* has been misapprehended. It is not stated in that case, that a promissory note, in which value is acknowledged to have been received, is void for want of consideration, because of the objects and purposes of the fund to which it relates, but because there was no legal body to which the promise was made, so that there was no assurance that the money would be applied as intended, nor was there any means of compelling a due application of the money. The Court held that the payees of the note were not a corporation capable of taking donations for the purpose of supporting a minister, and it was on this ground it was argued that there was no consideration for the note. It is unfortunate that in a case destined to be so often relied upon to justify men in violating engagements made for the most solemn and useful purposes, the grounds of the decision should have been so briefly stated. We cannot believe it was intended to lay down the proposition, that the contributors to a fund for any valuable object, being indulged with credit instead of making immediate payment, their promise being made to a

---

[1] See *Spring* v. *Lovett*, 11 Pick. 420; Bayley on Bills, (Phillips and Sewall's 2d ed.) 521 to 523.

paity capable in law of receiving it, and compellable by law to apply the proceeds of the fund according to the original intent of the contributors, is void for want of consideration.

This subject has been more fully gone into, in the case of the *Trustees of Amherst Academy* v. *Cowls*, recently decided.[1]

The judgment of the Court of Common Pleas must be affirmed.

Trustees
&c. in
Hanson
*v.*
Stetson.

---

[1] Reported 6 Pick. 427.   See also *Society in Troy* v. *Perry*, 6 N. Hamp. R. 164; *George* v. *Harris*, 4 N. Hamp. R. 533; *Foxcroft Academy* v. *Favor* 4 Greenl. 382; *Williams College* v. *Danforth*, 12 Pick 544; *Salem Mill Dam Corporation* v. *Ropes*, 6 Pick. 23; *Bryant* v. *Goodnow, ante*, 230; *Fisher* v *Ellis*, 3 Pick. (2d ed.) 326, n. 1.