## St. Louis Perpetual Insurance Company vs. Sidney Homer.

A. borrowed money of an insurance company, and gave an unconditional promissory note therefor, payable in twelve months to the order of B., who, at the same time, indorsed it to the company for the accommodation of A.  *Held*, in a suit on the note, brought by the company against B., that he could not give in evidence, by way of defence, an oral agreement between himself, the company and A., made when the note was given and indorsed, that such sum as should be found justly due from the company to A. on a certain policy of insurance made by them to him, should be set off and applied in or towards the satisfaction of the note.  *Held also*, that B. could not set off. against the company's demand on the note, A.'s claims against the company on the policy of insurance.

Assumpsit on the following note, indorsed by the defendant to the plaintiffs: " Saint Louis, Mo. December 22 1838. Twelve months after date, we promise to pay to the order of Sidney Homer, negotiable and payable at the Bank of the State of Missouri, seven thousand five hundred and ninety-six $\frac{45}{100}$ dollars, for value received, without defalcation, with interest at the rate of six per cent. per annum.

J. & T. J. Homer."

The parties, for the purpose of obtaining the opinion of the court on a preliminary question in the case, agreed on these facts: " The defendant indorsed the said note, at the time it was made, for the accommodation of the makers, and with the knowledge of the plaintiffs, and under the agreement hereinafter set forth.  The plaintiffs were underwriters on a policy of insurance on merchandize belonging to the makers, for an amount exceeding the amount of the said note, payable, in case of loss, to the said makers; and at the time the said note was made, a total loss had happened, which the said makers averred, and the plaintiffs denied, was a loss

within the policy. The note was given for the sum therein mentioned, lent by the plaintiffs to the said makers; and at the same time it was given, it was agreed between all the parties, that whatsoever sum, if any, should be found to be justly due under the said policy, should be set off and applied in or towards satisfaction of the said note. No action on the policy has ever been brought.

"If, in point of law, the defendant can be allowed to prove this agreement, and to show, in this action, what, if any thing, is due under the said policy, then this statement of facts is to be discharged, and the action is to stand open for trial on the facts, as if this agreement had not been made. If the court shall be of opinion that the defendant cannot go into this defence, then the action is to stand for trial on the general issue, and the plaintiffs are to make proof of the facts necessary to charge the indorser."

The argument was had at the last March term.

*B. R. Curtis*, for the plaintiffs.

*Bartlett*, for the defendant.

DEWEY, J. 1. The proposed evidence is clearly inadmissible, being, as it seems to us, in direct violation of well settled principles regulating the admission of evidence. The note is perfect and complete in itself, and is an absolute contract for the payment of a certain sum of money. This contract the defendant would control by evidence of a verbal agreement, made concurrently with the written contract, affecting the nature of the promise, engrafting upon it a new stipulation, by which the parties agree that this absolute promise shall be in truth a conditional one; and in lieu of the promise to pay the sum stipulated in the note, the defendant proposes to show that any sum which might be found justly due on account of a claim which the makers of the note had against the plaintiffs, upon a certain policy of insurance given by the plaintiffs, should be deducted therefrom, and applied in or towards satisfaction of said note.

The general principle, that oral testimony is inadmissible to contradict, vary or explain a written contract, is too famil-

lar to require the citation of authorities. There are, however, two cases adjudicated in this court, so directly in point, that I will briefly refer to them. In *Hunt* v. *Adams*, 7 Mass. 518, which was assumpsit on a promissory note, the defendant, in defence of the action, offered to prove that, at the time he executed the note, it was agreed by the payee that Adams should not be called upon until an attempt had been made to obtain payment of the same of Chaplin, the real principal in the note. But such evidence was holden inadmissible, and was rejected. So in the case of *Wakefield* v. *Stedman*, 12 Pick. 562, which was an action upon a written promise to keep safely, and deliver on demand, certain articles attached by the plaintiff as a deputy sheriff, parol evidence was offered to show that, at the time of executing this contract, it was agreed by the plaintiff that he would, at any time, on receiving notice from the defendant that he was dissatisfied and wished to be discharged, receive the property for which the receipt was given, and discharge the same, and that the defendant gave such notice to the plaintiff. But it was held, that as the written promise was absolute, parol evidence was inadmissible to control or vary it.

These cases seem to be directly in point, and would require us to exclude this species of evidence, if offered by the makers of the note in a suit between them and the payee, where the defence would arise between the original parties. And this is the most favorable position in which the defendant can put the case.

2. No valid defence to the note being shown, the next inquiry is, whether the defendant can avail himself of the claim of the makers of the note for damages arising upon a policy of insurance, by way of set-off, under our statute of set-off — Rev. Sts. *c*. 96. In presenting this claim in set-off, the defendant is met with two objections. 1st. He has no claim to set-off in his own right. The demand, which is proposed to be set off, is in favor of the makers of the note. It is a litigated claim. If the result of an investigation and trial of that demand, in the present action, be unfavorable to the

4 *

makers of the note, who are the parties claiming damages under the policy of insurance, they are not barred by the verdict and judgment rendered in the present action. The interest of the defendant in that demand, and his connexion with it, are not such that, independently of the parol evidence, he can avail himself of it for any purpose. He could not, as indorser, offer this demand as a set-off. Nor do we perceive that the circumstance, that the defendant is an accommodation indorser, can affect this question of set-off, under the statute. 2d. But independently of the objection, that this demand in set-off is claimed as due to the makers of the note, and not to the defendant, who is the indorser, there exists the broader objection, that the claim for damages, upon a policy of insurance, for an alleged loss, when the claim is denied by the insurers, and the legality of such claim is undecided, and the amount of damages wholly unliquidated, is not embraced in the statute of set-off, and, for this reason, would be excluded.

Looking at the case, therefore, in any aspect, the proposed defence, either to the action on the note, or as a set-off, cannot avail the defendant.