### AI UNDERWOOD *vs.* JOHN SIMONDS.

In a suit by the payee against the maker of a promissory note, made payable absolutely, the defendant cannot give evidence, in defence, that he took property of the plaintiff, at his request, to sell and dispose of, as if it were his own, and sold it to A., and took A.'s note therefor, which note he had not collected, and could not collect, and that he gave to the plaintiff the note in suit, upon an oral agreement between him and the plaintiff, that said note was not to be paid unless the defendant should collect A.'s note: Such evidence is not admissible to prove that a condition was annexed to the payment of the note, and has no tendency to show want of consideration, or failure of consideration.

ASSUMPSIT on a promissory note, dated March 2d 1839, given by the defendant to the plaintiff for one hundred and fifteen dollars, payable on demand, with interest. A payment of fifty four dollars and twenty five cents was indorsed on the note.

At the trial in the court of common pleas, before *Ward, J.* the defendant produced a witness, who testified that the plaintiff called on the defendant, in September 1836, and requested him to take and dispose of a horse for the plaintiff, and do as if the horse were the defendant's; that the defendant

took the horse, and returned in about a week, and told the plaintiff that he had exchanged the horse with Whitney & Co. for another horse and thirty dollars in cash, and had sold the horse, which he took in exchange, to G. W. Gibbs, and had taken Gibbs's note for seventy dollars, payable to himself, which note he offered to deliver to the plaintiff, and also the thirty dollars; that the plaintiff then said he was satisfied with the defendant's doings, and requested the defendant to keep the note in his own hands, and collect it, and also keep the thirty dollars, and pay the whole at once; and that the defendant did keep the thirty dollars and the note.

The defendant then called said G. W. Gibbs as a witness; and he testified that he gave the defendant the seventy dollar note for a horse, which the defendant said was not his own; that he had never paid the note, and was unable to pay it.

Another witness, called by the defendant, testified that he was present when the note in suit was given by the defendant to the plaintiff; that the defendant then offered the seventy dollar note to the plaintiff, and desired him to take it, and also offered to pay him the balance; that it was finally arranged between them that the defendant should keep the seventy dollar note in his hands for collection, and that the thirty dollars should not then be paid, nor the interest; that the thirty dollars and the seventy dollars, and the interest, amounted to one hundred and fifteen dollars, for which the note in suit was given; that the defendant took the note, and said, " now witness what I give this note for. I am not to pay the seventy dollars unless it is collected; " and the plaintiff said to the defendant, " I do not wish to wrong you."

The defendant called another witness, who testified that he heard the conversation between the plaintiff and defendant, when the note in suit was given; that the plaintiff, at that time, told the defendant, that if the note against Gibbs was not collected, the defendant should not be liable for it. He further testified that, in the year 1840, he heard the plaintiff ask the defendant if he could pay him, and the defendant

answered, " no, for I have collected nothing on Gibbs's note ; ' that the plaintiff then said, " it is hard for me to lose it," and asked the defendant if he would not lose half, or part ; that the defendant refused, and told the plaintiff he had better take the seventy dollar note, and collect it, as he (the defendant) was going away, and the plaintiff would have a better opportunity to collect it; that the plaintiff did not take the note, but said, " I will call on Gibbs, when I go that way."

It was agreed by the parties, that the defendant had paid to the plaintiff the thirty dollars in cash, and the interest thereon, before this action was brought, and that the defendant had always been ready to deliver to the plaintiff the seventy dollar note, which he produced in court.

To all the above evidence the plaintiff objected. But the judge ruled that it was admissible, for the purpose of showing the consideration, or want or failure of consideration, of the note in suit, but not to prove any agreement or contract varying or contradicting the note. A verdict was returned for the defendant, and the plaintiff alleged exceptions to said ruling.

*Wilmot,* for the plaintiff.

*C. G. Thomas & Dudley,* for the defendant.

SHAW, C. J. The rule of law is well established, ·that parol evidence cannot be admitted to alter, vary or control a written contract, nor to annex thereto a condition or defeasance not appearing on the contract itself. The rule is founded on the long experience, that written evidence is so much more certain and accurate, than that which rests in fleeting memory only, that it would be unsafe, when parties have expressed the terms of their contract in writing, to admit weaker evidence to control and vary the stronger, and to show that the parties intended a different contract from that expressed in the writing signed by them. *Hunt* v. *Adams,* 7 Mass. 518. *Curtis* v. *Wakefield,* 15 Pick. 437. *Moseley* v. *Hanford,* 10 Barn. & Cres. 729. *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39.

The proposed defence would consist in proof, by parol evidence, that a condition was annexed to the payment. By the terms of the note, the defendant promised to pay the plaintiff absolutely one hundred and fifteen dollars; by the parol evidence, he desired to prove that he was to pay it, on condition that he could collect the Gibbs note.

The evidence had no tendency to prove want of consideration, or failure of consideration. If the plaintiff guarantied the goodness of the Gibbs note, for a good consideration, and it had proved bad, that would be in the nature of a failure of consideration. Suppose two horses sold for fifty dollars each, and one note taken for both, and one of the horses is claimed and held by a third person, by a paramount title; as there is an implied warranty of title, in the sale of a chattel, here there would have been a failure of consideration *pro tanto*, and this might be proved by parol evidence. *Parish* v. *Stone*, 14 Pick. 198. *Harrington* v. *Stratton*, 22 Pick. 510.

As to the seventy dollar Gibbs note, it was payable to the defendant, and the legal title was in him. He held it in trust for the plaintiff, before he gave his own note; but when he gave his own note, that trust was extinguished, and he held it for his own use, and of course at his own risk, unless the plaintiff gave him some binding guaranty.

A stipulation, that the contract shall become void upon the happening of a future event, is a defeasance, and essentially a condition, and cannot avail to defeat the contract, unless such condition is made part of the written contract, or is otherwise proved by writing.

It was argued that the note was given for a special purpose; but no rule of law permits parol evidence to prove a special purpose directly repugnant to the terms of the note. *Hunt* v. *Adams*, 7 Mass. 518. *Adams* v. *Wilson*, (*ante*, 138.) In the last case, it appeared that an assignee of the estate of an insolvent debtor, being called on by a creditor to settle his account and make a dividend, gave his own note for the payment of the full account, unconditionally. On suit brought, he offered to show that when the note was given, it

was agreed by parol, that he should not be bound to pay the whole, unless the estate in his hands was sufficient, and that in fact it proved insufficient. It was held that he could not prove such condition by parol evidence.

But it is said that the plaintiff proposed to bear part of the loss, and that this should be taken into consideration, to reduce the damages. But this offer was not accepted, and no new agreement was founded on it. It was no release, discharge or acquittance, and there was no consideration, to give it the effect of a binding agreement. As an admission of the alleged original agreement, that this note should not bind the defendant, unless he should be able to collect the Gibbs note, it was open to the same objection. It would be, to prove a defeasance to a written contract, by parol evidence.

The objection is, not that the defence would not be a very equitable one, if it could be proved by competent evidence, and if the court could act upon the facts which it is offered to prove, as if they were facts judicially established. But it is a question of evidence. And the rule is established upon great considerations of expediency, as a highly salutary one in its general application ; and we think it ought not to be frittered away, upon equitable considerations applicable to particular cases.

*New trial granted.*