## BETSEY HANCHET *vs.* SIDNEY BIRGE.

In an action by the payee against a surety on a promissory note payable in five months, at which time the principal was able to pay it, but had become insolvent before the action was commenced, the defendant cannot give in evidence the plaintiff's admission that the defendant refused to sign the note, unless the plaintiff would agree that he should not be held if the plaintiff should not sue the note as soon as it was payable, and that the plaintiff agreed to sue it at that time.

ASSUMPSIT on a promissory note, in these terms : " Suffield, May 8 1844.  Five months from date, I, Normand Stiles, as principal, and Sidney Birge, surety, we promise to pay Betsey Hanchet, or order, ninety dollars, with interest.

Normand Stiles,<br>Sidney Birge."

At the trial before *Dewey,* J. it was admitted by the plain-tiff, that at the maturity of the note, the said Stiles, the principal promisor, was able to pay the note, and that he afterwards became insolvent.

The defendant offered the deposition of Lovatus F. Noble in which he deposed, that he, about the time when the property of Stiles, the principal promisor, was assigned under the insolvent law, went with the defendant to call on the plaintiff

and the defendant asked her if she had collected the note he signed with Stiles, and, she replied, that Stiles had not been down to pay it : That the defendant then told her she had forfeited her word, and said to her, " you know I refused to sign the note unless you would agree to sue it the day it became due." She replied, " I know I did say so ; but about that time my father was sick, and I could not attend to it. I went to Mr. Bissel, and asked advice; and he told me he did not see but Stiles was in as good a situation to pay his debts as any other man in Southwick, and he did not see why I need be worried or troubled."

The deponent further stated, that on the next day after the aforesaid conversation between the parties, he and the defendant called on the plaintiff again, and the defendant said to her, " you know I refused to sign this note, and would not sign it, unless you would agree that I should not be holden unless you sued it immediately after it became due." She replied, " yes, I know I did agree to sue it." He said to her, " you know the conditions that I signed it under. Now would it be right, if Stiles could not pay you, to exact pay from me ? " She said, " no, it would not be right that you should pay it : " That the defendant then told the plaintiff that Stiles had failed, and that he (the defendant) did not know whether he could pay any thing, or not : That the plaintiff appeared to be astonished, and said she had been to Mr. Bissel and others, and they said Stiles was good, as far as they knew : That the plaintiff said she knew that if she did not sue the note immediately after it became due, the defendant would not be holden.

The judge " held the testimony incompetent and insufficient to maintain the defence," and a verdict was returned for the plaintiff, subject to the decision of the whole court.

*W. G. Bates,* for the defendant. If the plaintiff told the defendant that she should not call on him, and he therefore forbore to secure himself, then she has no cause of action. Equity would restrain her from collecting the note of the defendant, not on the ground of parol evidence, but on the

Hanchet v. Birge.

ground of fraud.  *Baker* v. *Briggs*, 8 Pick. 129.  *Carpenter* v. *King*, 9 Met. 511, 517.  *The People* v. *Jansen*, 7 Johns. 337.  *Harris* v. *Brooks*, 21 Pick. 195.  *Dewey* v. *Field*, 4 Met. 381.  *Hogaboom* v. *Herrick*, 4 Verm. 131.  *Union Bank* v. *Geary*, 5 Pet. 99.  2 U. S. Digest, Evidence, 2132, 2145, 2339, 2340, 2350.  1 Greenl. on Ev. § 304.  3 Phil. Ev. (4th Amer. ed.) 1473.  *Atkins* v. *Chilson*, 11 Met. 112.

In *Hunt* v. *Adams*, 7 Mass. 518, nothing was said by the parties, *after* the surety signed the note.  This circumstance distinguishes that case from the one at bar.

*Boies*, for the plaintiff.  The deposition does not show that the plaintiff gave, or agreed to give, a discharge to the surety, nor that she made any new promise.  It merely shows that she stated what the parol agreement or statement originally was.  The case stands, therefore, on the settled rule of evidence, and is not within any of the cases cited, in which a surety has been relieved on the ground of legal fraud. 1 Greenl. on Ev. § 281.  *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39.  *Hunt* v. *Adams*, 7 Mass. 518.  *Bellows* v. *Lovell*, and *Trustees, &c.* v. *Stetson*, 5 Pick. 307, 506. *Spring* v. *Lovett*, 11 Pick. 417.  *Hoare* v. *Graham*, 3 Campb. 57.  *Townsend* v. *Riddle*, 2 N. Hamp. 448. *Nichols* v. *Parsons*, 6 N. Hamp. 30.  *Moseley* v. *Hanford*, 10 Barn. & Cres. 729.

DEWEY, J.  As evidence offered to vary or control the written promise made by the defendant, which is now sought to be enforced in this action, the deposition of Lovatus P. Noble is incompetent.  It would be in direct violation of the rules of evidence, which are now well settled, and familiar to us all.  *Stackpole* v. *Arnold*, 11 Mass. 32.  *Hunt* v. *Adams*, 7 Mass. 518.  *Trustees, &c.* v. *Stetson*, 5 Pick. 506.  *Spring* v. *Lovett*, 11 Pick. 417.  *Wakefield* v. *Stedman*, 12 Pick. 562.  *St. Louis Perpetual Ins. Co.* v *Homer*, 9 Met. 39. *Adams* v. *Wilson*, (*ante*, 138.)

The defendant's counsel, aware of the objection to the evidence, if offered to control or qualify the written promise, insists that it may avail the defendant, as evidence of

Hanchet *v.* Birge.

declarations of the plaintiff, acted upon by the defendant, and by means of which he has been misled; and that, relying upon the oral promise of the plaintiff, he forbore .to take the same prompt measures to have the payment of the note enforced against the principal, which he otherwise might have done. There is an apparent equity in this line of defence, which, if it could be sustained without overthrowing the salutary rule, that the written contract cannot be controlled by oral evidence of conditions and stipulations of defeasance of the promise, or discharge of the same, not contained in the written agreement, would entitle it to a favorable consideration. But the evidence here offered is directly in conflict with the absolute, unqualified promise of the defendant, at all events, to pay the plaintiff the sum of ninety dollars, in five months from the date of the instrument. The defendant proposes to show, by oral evidence, that at the time when the agreement was made and the written promise was signed by him, there was a condition annexed to the same. But if such condition was a part of the agreement then made, it might and ought to have been inserted in the written agreement. No reason exists why it should not be, and the policy of the law and the rules of law alike require it.

The cases of stipulations made by parties, after the giving of the note or contract of the party, calculated to mislead a surety in reference to a liability already assumed, and which have been held to discharge the surety, were not open to the objection that exists in the present case. To allow this defence to avail, upon the ground we are now considering, would be virtually to abrogate the rule that the written contract is to be taken to be the whole extent of the engagement of the parties, and that all the stipulations then existing in relation to such agreement are inserted therein.

It does not add to the strength of the defence, or vary the rule of law, that the proposed evidence is that of the admissions or declarations of the plaintiff. They are only admissions of an oral contract made at the time of the execution of the written contract; and if competent evidence, and the witness

deposing thereto is fully credited by the jury, the testimony will establish nothing more than a verbal agreement made concurrently with the written contract, ingrafting upon it a new stipulation, materially changing the nature of the promise.

The court are of opinion that the evidence was incompetent, and therefore properly excluded.

*Judgment on the verdict for the plaintiff*