ALBANY GENERAL TERM, February, 1850.    *Watson, Parker,*
*and Wright*, Justices.

## NILES & RICHMOND *vs.* CULVER & FOOTE.

A memorandum acknowledging the receipt of a specified number of barrels of ap-
ples " in store," *to be forwarded to New-York*, at so much per barrel, is a *contract*
between the parties, and the general rule is therefore applicable, that parol
evidence cannot be received to add to, or vary, its terms.

All oral negotiations or stipulations between the parties, preceding or accompany-
ing the execution of such an instrument, are to be regarded as merged in it;
and the receipt is to be treated as the exclusive medium of ascertaining the
agreement entered into by the parties.

A distinction exists between a mere receipt acknowledging money paid, and a
receipt containing an agreement, condition or stipulation between the parties.
The latter is in the nature of a contract, and cannot be varied by parol evidence.

THIS was an action on the case upon a contract to carry 245
barrels of apples from Utica to the city of New-York. The
plaintiffs alledged that in consequence of the carelessness, neg-
lect and delay of the defendants the apples were injured and
their value lost, to the plaintiffs. The defendants pleaded the
general issue. The cause was tried at the Columbia circuit
before Justice Watson. On the trial the plaintiff introduced
*Dillon Bliss*, as a witness. It was thereupon admitted on the
part of the defendants that they were copartners in the forward-
ing business, on the Erie canal; that they were owners of a
store or freight house in the city of Utica, and of the canal boat
Albion, and other boats. The plaintiffs' counsel then offered to
prove by the witness that the plaintiffs were the owners of 245
barrels of apples, at the city of Utica, on the 27th day of April,
1847; which was admitted. The plaintiffs then offered to prove
by this witness that he was present on that day at the store-
house of the defendants, and that an agreement was made be-
tween Niles and Culver, by which the defendants agreed to
receive the 245 barrels of apples, and to forward the same by the
canal boat Albion, safely and without any detention or delay,
and without reshipment, to the city of New-York, to the plain-
tiff Richmond at 101 West-street; that the defendants agreed

that the Albion should go to the city of New-York, and should leave Utica upon the opening of the canal navigation on the 1st of May, and to arrive at New-York on the 7th of May, unless prevented by some breakage or defect of the canal. And that the plaintiffs agreed to pay to the defendants the price or consideration of 44 cents per barrel for the transportation and delivery of the same; that said agreement was verbal, and that immediately after the making thereof the plaintiff Niles and the witness procured spring carts and proceeded to the delivery of the apples, from the railroad depot to the store-house of the defendants, a distance of about half a mile. The defendants' counsel objected to giving parol evidence of the contract, on the ground that a receipt was given by the defendants to the plaintiffs for the apples, in which receipt the contract between the parties was expressed; and he called upon the plaintiffs to produce the said receipt. The receipt was produced by the plaintiffs, and admitted to have been executed after the conversation or agreement offered to be proved by the witness, and on the day it bore date. It was in the words and figures following:

"No. 146.                Utica, April 27, 1847.

*Received in store on account of* Ira D. Richmond, *from* Justice Niles, two hundred and forty-five brs. of apples to forward to New-York at forty-four cents per barrel, and advanced ten dollars and cartage $4,81

245 Brls. apples.             CULVER & Co."

The words in italics were printed; the residue written. The counsel for the defendants then claimed that the parol agreement as offered to be proved was not competent evidence, inasmuch as it appeared that the agreement between the parties was reduced to writing at the time, in the receipt which had been produced. The counsel for the defendants also insisted that a joint action could not be maintained by the plaintiffs, according to the terms of said written agreement or receipt; and that the same could not be altered or varied by parol evidence. The plaintiffs' counsel contended that it was competent for the plaintiffs to recover upon the parol agreement made between the parties, upon which the property was delivered; and that the

Niles *v.* Culver.

receipt given upon the delivery of the 245 barrels of apples did not alter or destroy the parol agreement. That the terms of the receipt did not contradict and were not inconsistent with the parol contract; and also that the receipt did not specify the time or manner in which the 245 barrels were to be forwarded to New-York.

The judge decided that the parol agreement was cancelled, and merged in the written agreement, and that the writing furnished the only competent evidence of the agreement between the parties, and he therefore excluded the evidence offered to be given. To which decision the plaintiffs excepted. No further evidence was offered or given by the plaintiffs; and they having rested their cause the counsel for the defendants moved for a nonsuit; which motion was granted, and the plaintiffs excepted. The plaintiffs now moved for a new trial.

*K. Miller*, for the plaintiffs.

*J. A. Spencer*, for the defendants.

*By the Court*, PARKER, J. It has long been established that a receipt is not conclusive upon the party who has signed it. It may be explained, varied, or contradicted by parol evidence. (1 *Phil. Ev.* 108. 1 *Cowen & Hill's Notes*, 213, *and the cases there cited.*) And this extends to a receipt incorporated in another instrument; as where, in a deed, there is the usual clause acknowledging the receipt of the consideration money, evidence is admissible to contradict such clause, by showing that the money was not in fact paid. (1 *Cowen & Hill's Notes*, 217, *and cases there cited.*) So a bill of goods, with a receipt in full at the bottom, may be met by showing that the note of a third person, instead of money, was received for the goods, under circumstances which did not operate as a payment; the note having proved unavailable. (*Johnson* v. *Weed*, 9 *John.* 310.)

A distinction is however taken between a mere receipt acknowledging money paid, and a receipt containing an agreement, condition, or stipulation between the parties. The latter

is in the nature of a contract, and is not liable to be varied by parol evidence. (1 *Cowen & Hill's Notes*, 216.  2 *Id.* 1439.) A bill of lading, for example, is both a receipt and a contract to carry and deliver, and cannot be varied or contradicted.  A clean bill of lading, which imports that the goods are stowed under deck, cannot be varied by a cotemporaneous parol contract by which they were to be stowed on deck.. (*Creery* v. *Holly*, 14 *Wend.* 26.  *Barber* v. *Brace*, 3 *Conn. Rep.* 9.)  Nor can a bill of lading be contradicted as to the course designated in it, which the vessel is to take.  (*May* v. *Babcock*, 4 *Ham. Ohio Rep.* 334.)  In *Barret* v. *Rogers*, (7 *Mass. Rep.* 297,) it was indeed held that the admission in a bill of lading of the articles being in *good order* was not conclusive.  But that decision was based upon a fraud supposed to have been practised by the shipper ; the property shipped being velvets in cases and not open to inspection.  Sedgwick, J. said, "If the property to be transported, and which was declared to be 'in good order,' was in all parts open to inspection, and no fraud or imposition was practised, it might not be unreasonable to say that no evidence should be admitted to prove that it was not in good order."  All contracts are open for examination when fraud is alledged. (*Creery* v. *Holly, supra.*)

In *Goodyear* v. *Ogden & Pearl*, (4 *Hill*, 104,) the suit was upon a receipt in the following form : "Genoa, Sept. 22, 1841. Rec'd of Jonas Goodyear $40\frac{10}{100}$ bushels of wheat, *in store*.  D. Ogden & Co."  The court held the receipt was a contract, or in the nature of a contract, and therefore not open to contradiction under the rule applicable to receipts proper ; and the defendants were not permitted to prove the language and conduct of the plaintiff, implying that a sale and not a bailment was intended.

I think the receipt in question in this cause is of the same character,.and subject to the same rules.  It is the contract between the parties ; and the general rule is therefore applicable, that parol evidence cannot be received to add to, or vary, its terms.  (2 *Cowen & Hill's Notes*, 1467, *and cases there cited.*) " All oral negotiations or stipulations between the parties, which

preceded or accompanied the execution of the instrument, are to be regarded as merged in it ; and the latter is to be treated as the exclusive medium of ascertaining the agreement, to which the contractors bound themselves." If a bill of sale contains no warranty, but a simple transfer of title, the vendee can not set up a parol warranty, made prior to, or at the time of the sale. (*Mumford* v. *McPherson,* 1 *John.* 414.) It must be presumed the writing contains the entire contract. (*Van Ostrand* v. *Reed,* 1 *Wend.* 424, 432. *Reed* v. *Wood,* 9 *Id.* 285. *Dean* v. *Mason,* 4 *Conn. Rep.* 426. *Bayard* v. *Malcom,* 1 *John.* 467.) Where a promissory note mentions no time of payment, the law adjudges it to be due immediately ; and parol evidence is not admissible to show a different time of payment agreed upon by the parties at the time it was executed. (*Thompson* v. *Ketchum,* 8 *John.* 189. *Hunt* v. *Adams,* 7 *Mass. Rep.* 518. 6 *Id.* 519. *Pattison* v. *Hall,* 9 *Cowen,* 747.) Where a contract specifies no place for the delivery of portable articles, the law fixes the place ; and evidence of cotemporaneous stipulations, to vary the instrument in this respect, is inadmissible. (*La Farge* v. *Rickert,* 5 *Wend.* 187.) Where a writing is silent as to the time in which an act is to be done, the law implies that it is to be performed in a reasonable time ; and evidence as to a cotemporaneous parol agreement as to the time is inadmissible. (*Barringer* v. *Snead,* 3 *Stewart's Rep.* 201. *Simpson* v. *Henderson,* 1 *Mood. & Malk.* 300. 2 *Cowen & Hill's Notes,* 1470, 1471.)

In this case the receipt subscribed by the defendants was clearly the written contract between the parties. No fraud was alledged, and the parties were bound by the terms of the contract, and by the inferences and conclusions which the law, or the well established customs of trade, might draw from it. All previous agreements and stipulations were merged in the contract.

There is another difficulty in the way of maintaining this suit. The instrument shows that the contract was made with Ira D. Richmond, and not with these plaintiffs. (1 *Chit. Pl.* 8.) I think the judge decided correctly, at the circuit, and that a new trial should be denied.