Shaw, C. J.
This is a suit on one of those irregular indorsements of a negotiable note, not indorsed by the payee but by a third person. Hunt v. Adams, 5 Mass. 358; 6 Mass 519; 7 Mass. 518.
The history of these notes is given in the case of The Union Bank of Weymouth & Braintree v. Willis, 8 Met. 504, in which Mr. Justice Hubbard takes a full review of the cases in Massachusetts.
However much it may be regretted that this irregularity was originally sanctioned, it must now be admitted, that the law is well settled in this state, that if a party, not the indor-see, places his name in blank on a note, before it is negotiated or passed, and so before it has acquired the character of a contract, this will warrant the holder in filling up the blank, so as to charge such indorser as a joint and several promisor and surety. The fact of intrusting such blank with another is evidence of an authority to fill up something over it, and the actual authority to fill it up in any particular form may be proved by evidence aliunde.
This power of filling up a blank is not arbitrary, but depends upon proof of the real negotiation; and the court will permit the blank to be filled in conformity with the authority as proved. Hunt v. Adams, ubi. supra.
And if filled up, in the first instance, in a manner not conformable to the truth, he will be permitted to correct it and fill it up anew. Josselyn v. Ames, 3 Mass. 274; Austin v. Boyd, 24 Pick. 64; Nevins v. De Grand, 15 Mass. 436.
Another question is made in the present case, whether parol evidence is admissible.
A' distinction is to be made here between the case of á holder of a note not dishonored, taken in the due course of business and without notice of the facts affecting the indorsement, and notes when these facts are otherwise.
*107 Every presumption is to be made in favor of the regularity of such note; and, for the sak. of protecting negotiable instruments, it shall not be impeached by parol evidence, or any other evidence aliunde, arising from transactions between prior parties. Putnam v. Sullivan, 4 Mass. 45.
But in a case like this parol evidence is admissible : —
1. Because it is between original parties, and the real transaction may be proved; as, for instance, that it was an accommodation note, made for the accommodation of the indorser. Wiffen v. Roberts, 1 Esp. R. 261.
2. It presents a latent ambiguity. A blank name means nothing of itself; there must be evidence aliunde, to show what was the object and purpose of the indorser in thus writing his name in blank and delivering it to another, in order to give it effect.
3. Before the indorsement is filled up, the respective liabilities of the parties rest on a presumption of fact only; and' this may be rebutted by parol evidence. Austin v. Boyd, 24 Pick. 64.
If there be an exception in favor of indorsees and holders of negotiable notes, taken in due course of business, without notice, this note was not so taken, and, therefore, is not within the exception.
Then, as to the facts as proved by the evidence. The transaction between these parties had closed. The defendant, when he put his name on the note, was advised that he would thereby charge himself, whereupon he added the words “ as indorser; ” then the plaintiff’ declined to take it.
The defendant, after being advised of the effect, struck out the words “ as indorser,” and delivered it as a blank indorsement, as it was at first, with full knowledge of its legal effect Within the authority of the cases cited, we think the defendant became liable as promisor. Judgment for the plaintiff.