AUGUSTUS ALLEN & another *vs.* RICHARD FURBISH.

It is no defence to an action on a promissory note payable absolutely, that the consideration of the note was the sale of a horse upon condition that the purchaser, if dissatisfied with the horse, might return him within three months, and that the purchaser, with three months, being so dissatisfied, offered to return the horse.

ACTION OF CONTRACT on a promissory note for $30, date August 13th 1853, signed by the defendant, payable to the plaintiffs or order in three months from date, with interest.

At the trial in the court of common pleas, the defendant was allowed, against the plaintiffs' objection, to introduce parol evidence " that on the 13th of August 1853 the defendant purchased a horse of the plaintiffs for $60, and paid for him $30 in cash, and gave this note for the balance; that it was agreed at the time of the purchase, as an inducement to the bargain, that if the defendant should be dissatisfied with the horse within three months, he might return him to the plaintiffs, rescind the contract, and receive the note and money; that the horse was bought upon that condition; and that within a week after the purchase the defendant was dissatisfied, took the horse back and offered him to the plaintiffs and demanded the money and note, but the plaintiffs refused to receive him."

*Hoar,* J. ruled " that if the jury were satisfied that the note was given as a part of the price of a horse sold to the defendant by the plaintiffs; and that the horse was sold to the defendant upon the condition that if he should be dissatisfied with the horse within three months and should return him, the bargain should be rescinded and the money and note returned; and that the defendant within three months was dissatisfied, and did return the horse, and demand the money and note; then the consideration of the note had failed, and the plaintiffs could not recover, although they refused to receive the horse. But that, if not satisfied of these facts, they should find for the plaintiffs."

The jury returned a verdict for the defendant, and to these instructions, and to the admission of the parol evidence, the plaintiffs excepted.

*J. W. Bacon,* for the plaintiffs. Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is inadmissible in order to prolong the time of payment, or to provide for the payment out of any particular fund, or, in general, to make the payment depend upon any condition or contingency. Chit. Con. (8th Amer. ed.) 99, 100. *St. Louis Perpetual Ins. Co.* v. *Homer,* 9 Met. 39. *Adams* v. *Wilson,* 12 Met. 138. *Hanchet* v. *Birge,* 12 Met. 545. *Rose* v. *Learned,* 14 Mass. 154. The evidence offered by the defendant does not tend to

prove a failure of the consideration of the note; but to prove a contemporaneous agreement, wholly inconsistent with and contrary to the tenor and purport of the note, making it wholly null and void on the happening of certain conditions or contingencies. *Wakefield* v. *Stedman*, 12 Pick. 562. *Curtis* v. *Wakefield*, 15 Pick. 437. *Bradley* v. *Bentley*, 8 Verm. 243. *Isaacs* v. *Elkins*, 11 Verm. 679. *Hatch* v. *Hydes*, 14 Verm. 25. *Hoare* v. *Graham*, 3 Campb. 57.

*G. A. Somerby*, for the defendant. The parol evidence did not tend to affix any condition to the note; but only to show that the consideration of the note was the sale of the horse, one of the conditions of which sale was that the horse should be satisfactory to the purchaser; that the horse was not so satisfactory, and was therefore offered to be returned by the purchaser; and so the consideration of the note failed, before it became due and payable. This brings the case within the familiar rule that failure of consideration is a good defence to an action on the note. *Purish* v. *Stone*, 14 Pick. 208, 210. *Dickinson* v. *Hall*, 14 Pick. 217. *Harrington* v. *Stratton*, 22 Pick. 513. *Burnham* v. *Allen*, 1 Gray, 501.

If the defendant cannot prevail in this defence, he is remitted to the plaintiffs' agreement; whatever the plaintiffs recover in this action might be recovered of them by the defendant in a subsequent action upon the agreement; and therefore this defence should be allowed to prevent circuity of action. *Harrington* v. *Stratton*, 22 Pick. 510. *Perley* v. *Balch*, 23 Pick. 283. *Dorr* v. *Fisher*, 1 Cush. 271.

This case was decided at October term 1856.

DEWEY, J. The principle, that parol evidence is inadmissible to annex a condition to an absolute promise in writing in the form of a promissory note promising to pay a certain sum of money on a certain day named, seems to be too well settled in this commonwealth to be further questioned.

The principle found its early development in the case of *Hunt* v. *Adams*, 7 Mass. 518, and has since been sustained and practically applied through a long series of cases. We shall refer to a few of the leading ones.

In *Rose* v. *Learned*, 14 Mass. 154, it was offered to be shown by parol evidence that the note was originally given on a condition, and that under that condition no cause of action existed; but the court held such evidence incompetent to defeat a recovery upon the note, which was an unconditional promise.

In *Spring* v. *Lovett*, 11 Pick. 417, the offer was to show by parol evidence that it was agreed by the payee, at the time of the giving of the note, that the same should be given up upon the conveyance by the maker of certain real estate which he held for the use of the payee and others, and that the entire arrangement was merely intended temporarily to secure the parties during some delay in the conveyance of the land, which delay was desired by them mutually. The suit was brought in the name of an indorsee; but the note having been negotiated long after it was due, it was treated by the court, in respect to the defence, as if the action had been brought by the original promisee. The parol evidence was rejected, and the action on the note sustained, placing it directly upon the ground that the admission of the evidence would be repugnant to the rule that parol evidence cannot be received to contradict, alter, or control a written obligation. The reasoning of the chief justice, who delivered the opinion of the court in that case, is this: " The note is an unqualified promise to pay a specific sum of money, on demand; the parol evidence would make it defeasible, upon the performance of a distinct collateral act, that of giving a certain deed. The written promise is absolute and indefeasible; the parol agreement would make it conditional and defeasible. Such a parol defeasance would manifestly alter and control the character and effect of the written obligation."

In *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 39, parol evidence, showing under what circumstances the note was given, and that it was agreed by the payee that the amount of the legal demands of the maker against the payee, for a loss alleged to be secured by a policy of insurance, shall be applied in discharge of the note, was rejected as incompetent, because it was " in direct violation of well settled principles regulating the admission of evidence."

In *Adams* v. *Wilson*, 12 Met. 138, in defence to an action upon a promissory note, the defendant offered oral evidence to show under what circumstances the note was given; and offered to prove that the defendant was the consignee of one Cheever, who was the debtor of the payee of the note; that the defendant, being such consignee, had given this note to the payee for the amount of such indebtedness of Cheever; and that, when the note was given, it was agreed orally by the payee that the same should not be payable unless the maker should be found to have in his hands funds or property of Cheever sufficient to pay it. The defendant offered further to show that, upon the final disposition of the property of Cheever in his hands, there was nothing left to apply on the note. This parol evidence was rejected by the court of common pleas upon the ground that evidence of an oral agreement, showing that a written promise which was absolute in its terms was a conditional promise, was not admissible. This court affirmed the ruling, and held the evidence properly rejected, it being " an attempt to alter and vary a written contract by parol evidence, by engrafting thereon a condition or defeasance."

The case of *Underwood* v. *Simonds*, 12 Met. 275, was an action upon a promissory note for the sum of one hundred and fifteen dollars, as to seventy dollars of which, that being the only subject in controversy, the defendant offered to show by oral evidence that the note was given in consequence of a sale made by the defendant, as agent for the plaintiff, of a horse to one Gibbs, who had given his note therefor to the defendant for the use of the plaintiff, all which acts had been notified by the plaintiff; and that the defendant holding this note, and thirty dollars in cash on the same account, had at the request of the plaintiff given him the note in suit therefor, the plaintiff agreeing with the defendant, at the time of the giving of the note, that if the note against Gibbs was not collected the defendant should not be liable for the same. It was further offered to be shown that Gibbs had not paid his note, and was wholly unable to pay it. The court of common pleas admitted the evidence as competent for the purpose of showing a want or failure of

consideration, taking the distinction that has been suggested in the present case, that it was competent for that purpose, although it would not be to vary or contradict the note. But this court, upon exception being taken to the above ruling, held that the parol evidence offered was wholly inadmissible, as it tended to show by parol proof that a condition was annexed to the note, the court declaring " that a stipulation, that the contract shall become void upon the happening of a future event, is a defeasance, and essentially a condition, and cannot avail to defeat the contract, unless such condition is made part of the written contract, or is otherwise proved by writing."

The cases we have thus referred to, were all of them cases of promissory notes. In many of them the facts offered to be proved as directly affected the original consideration, and had as strong a bearing upon the question of want or failure of consideration as in the present case. But this did not avail, or justify the admission of the evidence.

Cases sustaining this rule as to the exclusion of oral evidence might have been cited from the English courts, and from some of our sister states. But we cannot suppose any more controlling authorities for our action can be cited than our own adjudicated cases, when the cases have been numerous, and have been deliberately settled upon full argument. We have confined the citations to cases of promissory notes, as being more directly in point, though we might present striking cases of the application of the rule excluding oral evidence when offered to control other written promises, as in *Wakefield* v. *Stedman*, 12 Pick. 562, and *Curtis* v. *Wakefield*, 15 Pick. 437.

These cases, and the principle of law we derive from them, do not in the least interfere with the right to introduce oral evidence to show that a contract was illegal in its character, or that it was made without consideration, or that there has been a failure of consideration, or that it was induced by fraud.

In the present case the parol evidence is not offered to show any illegality in the contract, or any fraudulent representation or breach of warranty as to the nature of the property sold, but simply to show that the note was given upon a condition render

43 *

*ing* it defeasible.  It has *no* tendency *to* show a want of consideration, or a failure of consideration, as we understand the law on this subject.   There was a good and valid consideration for the note in any view of the case.   The transfer of the possession of the plaintiff's property to the defendant, to be held and enjoyed as his own, and with the full right to sell and dispose of it for his own benefit, was in itself a sufficient consideration for the note.   This consideration has never failed, but has continued to be enjoyed by the defendant.   The gravamen complained of by the defendant does not reach the consideration, or show any failure therein.   The parol evidence would, if competent, prove that the plaintiff had not performed a stipulation on his part to deliver up the note on the happening of a certain event.

Had the plaintiff received back the horse, and treated the contract of sale as rescinded, the defendant might properly have insisted upon such fact in defence of the right of the plaintiff to recover on the note.   That would have presented a different case, and might have been competent to show the defendant was thereby discharged from further liability on the note, for the reason that plaintiff had assented to the rescinding of the contract, and taken back the property.

In the view we have taken of this case, a majority of the court are of opinion that the parol evidence was inadmissible for the purpose of sustaining the defence.   It was not admissible as evidence showing a want or failure of the consideration of the note, its effect being solely to engraft a condition upon an absolute written promise, and by force and effect of this condition to defeat the recovery of the note.            *Exceptions sustained.*