### EBENEZER WRIGHT *vs.* JOSEPH B. MORSE.

Parol evidence is inadmissible, even between the original parties to a promissory note, to show that a person not the payee, whose name was signed on the back of the note, signed it as guarantor only, or upon a condition which has not been performed.

ACTION OF CONTRACT on a promissory note, payable on demand to the plaintiff or order, and signed upon its face by Henry F. Ripley, and on its back by the defendant. Answer, want of consideration; and that the defendant never made or indorsed the note, as alleged by the plaintiff.

At the trial in the court of common pleas, the plaintiff called one witness who testified that " a short time after Ripley signed the note, the defendant took the note from Ripley, and put his name upon the back of it, and it was then delivered to the plaintiff." The plaintiff then rested his case.

The defendant then offered to show "that at the time the defendant signed the note declared on, it was agreed by the plaintiff and defendant that if Ripley should arrive safely in California, the defendant was to be released, and the plaintiff was not to look to the defendant for the payment of said note; that the defendant was only as a guarantor; that if Ripley should arrive safely in California, then the plaintiff was to get his pay of Ripley."

The plaintiff objected to the testimony, as incompetent to control the written contract or note. *Sanger*, J. sustained the objection and rejected the testimony. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*E. L. Barney*, for the defendant. The evidence rejected was competent to prove that the defendant never made the note in manner and form as the plaintiff had declared; and to show, as between the original parties, what the real transaction was; and to explain the contract, by showing how the blank above the defendant's name should be filled up. *Riley* v. *Gerrish*, 9 Cush. 104.

*O. Prescott*, for the plaintiff.

DEWEY, J. The defendant, by putting his name on the back of the note, simultaneously with the signature by Ripley on the face of the note, and before it was passed to the payee, has, as has been repeatedly held by this court, placed himself in the situation of an original promisor, and is liable in every respect as such to the payee of the note. *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504, and cases there cited. And as such original promisor he is deemed in law to participate in the original consideration, and to be liable without any new or further consideration. *Samson* v. *Thornton*, 3 Met. 275.

It appearing in the present case that this instrument was thus signed by the defendant simultaneously with its execution by Ripley, and before the delivery of the note to the payee, it assumes, as respects the promisors, the character of other promissory notes. Any competent evidence of the failure of consideration, illegality in the contract, or other ground of defence, that would be open to the defendant in a suit against him upon an

ordinary note signed on its face, would be equally open to him in the present case.

But oral evidence is not to be introduced by such party, to vary and control the written promise contained in the note itself; as to show that the note was not to be paid according to its tenor; or that, although absolute on its face, yet it was given upon a condition, and to be void or not payable upon the happening of some future event; thus making an absolute promise a qualified or conditional one. If anything is settled by repeated decisions of this court it is that oral evidence cannot be admitted to alter or vary a written contract, nor to annex thereto a condition or defeasance not appearing on the contract itself.

Nor is this rule rejecting oral evidence in such cases confined to negotiable notes, transferred before due, and in the hands of other parties than the original payee. The cases where it has been applied most frequently by this court have been cases between the original parties. *Hunt* v. *Adams*, 7 Mass. 518. *Adams* v. *Wilson*, 12 Met. 138. *Underwood* v. *Simonds*, 12 Met. 275. *Hanchet* v. *Birge*, 12 Met. 545.

The case of *Riley* v. *Gerrish*, 9 Cush. 104, is much relied upon by the defendant as an authority for introducing oral evidence in a case where the signature of the second promisor is on the back of the note. It is true that some of the remarks in the opinion given in that case, taken abstractly and without reference to the facts of the case and the real point in controversy, would seem to support the views here taken by the counsel for the defence. It becomes necessary therefore to look at the facts in that case, and the point upon which questions of law were raised. It will appear from the facts stated in the report of that case that the plaintiff sought to charge the defendant as an original promisor. The defendant denied this form of liability, contending that it was only that of an indorser, that purpose being indicated by him in writing in connection with his signature. The note was payable to the order of the plaintiff, and signed on its face by William Canney, and on the back the name of the defendant written in blank, except that above it the word " indorser " had been written, and subse-

quently erased. The plaintiff attempted to explain the erasure, and to show that it was done lawfully and before the note passed to him as his property; and the whole question was as to the competency of oral evidence to show that the defendant when he signed the note wrote the word " indorser " over his name, but, the plaintiff refusing to accept the note in that form, that word was by consent of the defendant erased before delivery of the note to the plaintiff, and the note actually passed to the plaintiff with the word " indorser " erased. The only point in which the case can be deemed a judicial authority as to the competency of oral evidence, is that oral evidence may be admitted to explain the circumstances under which an erasure was made, or, in other words, to show whether it was made before or after the delivery of the note, and whether it was authorized by the party, and by proof of such facts to change or affect the relation of the party as an original promisor. In this respect the case was very like that of *Austin* v. *Boyd*, 24 Pick. 66, where such evidence was allowed to be competent to explain an erasure of the payee's name that had been indorsed on the back by mistake, in such manner as would have shown the defendant in the action to stand in the relation of a second indorser merely. In that case, while such evidence was held admissible to explain the erasure, it was very carefully stated by the court that the evidence was not offered to control or vary a written contract, but to account for a fact which might otherwise affect the note.

In cases of notes signed, as the present was, by the party on the back of the note, it is competent to show by parol evidence that the signature was placed there after the note had passed to the payee, and thus established the relation of guarantor and its liabilities only, which may materially affect the rights of the parties; but the fact that the signature of the defendant was made simultaneously with the other signature, and before the note was delivered to the payee, being uncontroverted, the liability of the party as an original promisor results therefrom, and exists in the absolute form indicated on the the the note itself, and is not to be controlled or varied by oral testimony of a conditional liability. It was not therefore competent in the present

case to show by oral evidence that it was agreed between the plaintiff and defendant that if Ripley, the other signer, should arrive safely at California, the defendant was to be released from all further liability, and the plaintiff was not to look to them for the payment of the note. The proposed evidence was therefore properly rejected. *Exceptions overruled.*