Barker, J.
If the written instrument was executed by the defendants and delivered to and accepted by the plaintiffs as the agreement between the parties for the sale and transfer of the property, then it is to be presumed, that it contains all the terms of the contract and cannot be enlarged, altered or changed by parol evidence. The writing constitutes a perfect and complete contract for the sale and transfer of the property therein described, stating the consideration and ackowledging its payment. It contains no term relative to the condition, quality or value of any of the articles enumerated. The instrument is entirely silent on those subjects. When a contract is consummated by a written instrument, the presumption of the law is, that the same contains the whole of the agreement, and neither party thereto will be allowed to prove oral representations or stipulations which preceded it or accompanied the execution of the instrument. The agreement to which the contracting parties bound themselves is to be ascertained exclusively by the writing. Filkins v. Whyland, 24 N. Y., 338; Eighmie v. Taylor, 98 id., 288; Niles v. Culver, 8 Barb., 205; Chapin v. Dobson, 78 N. Y., 74; Greenleaf on Evidence, vol. 1, p. 284; Mumford v. McPherson, 1 John., 414.
The plaintiffs were permitted to prove by oral evidence that during the negotiations which resulted in fixing the terms of the sale the defendants promised and agreed that the cylinder was sound and in good order. To this evidence the defendants interposed the objection that the contract *101 between the parties was in writing and that oral evidence to change its terms was incompetent. The objection was overruled and the defendants excepted.
The defendants contend that this ruling was erroneous, as the written instrument was executed and delivered by them and accepted by the plaintiffs as the evidence of their agreement. On the contrary, the plaintiffs insist that it was not made to appear upon the trial that the instrument contained the terms of their oral negotiations or that it was executed or delivered for that purpose. The question is presented by a bill of exceptions which does not contain a very precise and distinct statement of the facts of the case, and we have experienced some difficulty in determining the state of the proofs bearing on the point in dispute when the ruling was made and the evidence received. It does appear, however, that when the negotiations were terminated and the contract consummated the parties were at the plaintiffs’ business office and the property was at another point twelve miles distant therefrom; that the notes were executed by the plaintiffs and delivered to the defendants at that place.
On the trial, Henry W. Chamberlain, one of the plaintiffs, was a witness in his own behalf, and was about to state the terms of the sale for the purpose of establishing the warranty, when, with the permission of the court, the written agreement was presented to the witness by the defendants’ counsel, and he stated that he never saw it before, but admitted that it related to the purchase of the property in question, and that it was found among the plaintiffs’ papers and that they delivered it to their attorney; that he first heard of tho paper some three weeks before the trial; that he himself signed the notes and delivered them to Van Campen and then left the office, and that his father, who is one of the plaintiffs, was then in conversation with the defendant to whom he had delivered the notes; that he did not know whether there was any transaction between his father and the defendants or not after the delivery of the notes, and further, he did not know when the paper was delivered; that he himself concluded the negotiations and no paper of this character was delivered at the time he left the office.
The bill of exceptions states that the defendants’ counsel then offered the instrument in evidence and it was received.
The judge then remarked: “I understand the witness to say that at the time the trade was consummated, himself and father were present at their office, and that the witness made and delivered the note without seeing or receiving any papers; that he left his father there in the office with *102 Van Campen; that subsequently exhibit ‘A’ (the instrument in question) was found among the papers of the firm.”
To this statement by the court, as to the substance of the witness’ evidence on that point, neither of the counsel made any response:
The plaintiff then offered to prove by the witness “that prior to the closing of the bargain the witness and his brother negotiated with the defendants for the purchase of the machinery mentioned in the written instrument, and that the defendants warranted the engine, as stated in the complaint, and that the plaintiffs, relying upon such representation, gave their note in payment theref; in other words, the plaintiffs offered to prove warranty made before or at the time of the delivery of the notes.”
The defendant interposed the objection that the evidence was incompetent, for the reason that the agreement between the parties as to the sale and transfer was embodied in the written instrument, and the same could not be changed by oral evidence. The objection was overruled and the defendant excepted.
We are inclined to the opinion, that from the facts as thus stated in the bill of exceptions, that it had been made to appear at the time the oral evidence was received, that the written instrument was executed by the defendant and received by the plaintiffs as the contract between the parties relative to the sale and transfer of the property. The bill of exceptions does not disclose the ground upon which the judge placed his ruling. But as the plaintiff produced the papers and the other circumstances unmistakably indicate that it had been in their possession from the time the contract was consummated, we think it was, at the time the ruling was made, fairly established, that the paper was delivered at the time the contract was consummated. As the instrument relates to the sale and transfer of the property, and the plaintiffs produced it upon the trial, and nothing was disclosed indicating that it was not executed by the defendants and received by the plaintiffs at the time the contract was consummated, the fair presumption is that it was executed and received by the plaintiff at that time.
After the plaintiffs rested, James Van Campen, one of the defendants, testified that he represented the defendants and had charge of the negotiations with the plaintiffs for the sale of the machinery, and after the terms were finally agreed upon, that he prepared the instrument at his own office and signed the same and then went to the plaintiffs office, and there delivered the same to Lewis Chamberlain, one of the plaintiffs; that at that time Henry Chamberlain drew up and delivered the notes which he then and there *103 received. Henry Chamberlain was then recalled and testified that he delivered the notes to the last named witness at his office and that he saw no paper delivered, but that George Chamberlain, his father, who was one of the plaintiffs, was in the office talking with Van Campen at the time he left. The bill of exceptions contains no further statement of evidence or fact bearing upon the question in controversy; at the close of the evidence the defendants’ counsel, asked the court to direct a verdict in favor of the defendants upon the ground that it appears that the plaintiffs acquired the title to the property in question by virtue of the written contract, and were precluded from a recovery upon the alleged warranty based upon the oral negotiations between the parties prior to the execution of the contract. The motion was denied and the defendants again excepted.
If we should wholly disregard the evidence of the defendants as to the time and circumstances under which the written instrument was executed and delivered, we are yet of the opinion that the evidence fairly established that the writing was intended to embrace the contract between the parties. The case does not disclose the questions of fact which were submitted to the jury for their consideration, and we are to presume that the verdict was based upon the ■oral evidence which tended to prove a warranty.
Smith, P. J., Bradley and Haight, JJ., concur.